514 So.2d 757 (1987)
STATE of Louisiana, Appellee,
v.
Clarence DAVIS, Appellant.
Nos. 19210-KA, 19211-KA.
Court of Appeal of Louisiana, Second Circuit.
October 28, 1987.
*758 Rankin, Yeldell, Herring & Katz by Charles E. Herring, Jr., Bastrop, for appellant.
William J. Guste, Jr., Atty. Gen., Baton Rouge, James A. Norris, Jr., Dist. Atty., Lee Ineichen, Asst. Dist. Atty., Monroe, for appellee.
Before MARVIN, FRED W. JONES, Jr. and LINDSAY, JJ.
MARVIN, Judge.
After being indicted for 31 crimes arising out of his sexual activities with his daughter and her children, who were his 7-year-old granddaughter and his 12-year-old grandson, and bargaining to plead guilty to newly-filed bills for the lesser crimes of sexual battery and molestation, this 57-year-old defendant appeals, as excessive, his consecutive and maximum sentences which total 25 years at hard labor. We affirm.

FACTS
Defendant's 35-year-old daughter asserted that defendant had engaged in incestuous activity with her for about thirty years. Defendant admitted incest on "approximately five occasions."
The 7-year-old granddaughter asserted defendant had penetrated her at her home after a football game in 1985. The 12-year-old grandson asserted that defendant anally penetrated him during October 1985. Defendant admitted that he only "attempted" to penetrate in each instance. Touching, not penetration, is the critical element in the crime of sexual battery. LRS 14:43.1. The critical elements of molestation of a juvenile in this instance are the variance in age of the offender and the juvenile, and the offender, here the grandfather, "having control or supervision over the juvenile" upon whom he commits a lewd or lascivious act. LRS 14:81.2 A and C.
Defendant contends that his first felony status, his need for psychiatric counseling, his being the victim of abuse as a child, his record in church and community activities, and the need of his invalid wife, negate or mitigate maximum and consecutive sentences. For reasons given by the trial court and illumined and supported by the record and PSI, we cannot agree.
Defendant's 31 indictments included four counts of aggravated rape in two indictments, 20 counts of incest in one indictment, as well as indictments for an aggravated crime against nature, an aggravated oral sexual battery, attempted molestation, and extortion. His sentence exposure was greatly reduced (e.g., from four life sentences without probation, parole, or suspension of sentences for aggravated rape and 300 years exposure in the 20-count incest indictments) by the plea bargain to 10 years for the sexual battery and to 15 years for the molestation.
Maximum sentences are reserved for the most egregious and blameworthy offenders. Concurrent sentences are favored in those crimes arising out of a single course of conduct. Compare State v. Patrick, 513 So.2d 449 (La.App.2d Cir. 1987). Defendant's crimes did not arise out of a single course of conduct and are not best described solely by the two crimes to which he agreed to plead guilty and thus reduce his sentence exposure. The trial court correctly weighed and properly considered the leniency shown defendant in the plea bargain and the history of defendant's behavior. These articulated factors legally justify the maximum and consecutive sentences, 10 years for sexual battery *759 and 15 years for molestation. State v. Richardson, 446 So.2d 820 (La.App.2d Cir. 1984).
This record shows that defendant, after his marriage, not only has abused two generations of his descendants, but, before his marriage, his collateral relations in his own generation. The record also indicates that his young victims are beginning to sexually abuse others.
We adopt with approval the trial court's sentencing reasons which we append as an unpublished appendix. The trial court's sentencing reasons are supported by the record and fully comply with the sentencing guidelines of CCrP Art. 894.1.
The sentences are not excessive and are AFFIRMED.