MARVIN, Judge.
After being charged with the crimes of carnal knowledge of a juvenile, aggravated oral sexual battery, oral sexual battery, and pornography involving a juvenile and bargaining to plead guilty to two counts of sexual battery, this 36-year-old defendant appeals, as excessive, consecutive sentences totaling 15 years at hard labor.
We affirm.
FACTS
The victim, a niece of defendant’s wife, came to live with defendant and his family after the victim’s mother died when the victim was about seven years old. Defendant thereafter began fondling and caressing the victim, escalating his abuse within the next two or three years to vaginal penetration with his finger.
When the victim was 12 or 13 years of age defendant began to engage the victim once a month or more frequently, in intercourse and cunnilingus. Defendant continued this abuse and, using his camera with a manually timed shutter, often took nude pictures of him and the victim in erotic positions. Defendant threatened to expose the relationship to others in order to increase and continue the frequency of his illicit contact with the victim.
The relationship ended after victim reached 15 years of age and reported defendant’s conduct to a great-aunt with whom she had visited and corresponded. Upon learning of her husband’s conduct, the victim’s aunt cooperated in the investigation. Defendant acknowledged “touching” the victim’s “private parts, genital area” when she was “11 or 12” years of age.
*1389 Defendant’s crimes did not arise out of a single course of conduct and are not best described by the two crimes to which he agreed to plead guilty to reduce his sentence exposure. Consecutive sentences were warranted. Compare State v. Patrick, 513 So.2d 449 (La.App. 2d Cir.1987); State v. Davis, 514 So.2d 757 (La.App. 2d Cir.1987). In Davis, a grandfather, charged with dozens of counts of sexual and some aggravated crimes against his 12-year-old grandson and 7-year-old granddaughter, pleaded guilty to the lesser crimes of sexual battery and molestation. We held that consecutive sentences totaling 25 years at hard labor were not excessive.
The trial court correctly weighed and properly considered the leniency shown defendant in the plea bargain as well as the defendant’s history, apparent remorse, and progress under psychiatric treatment after his arrest. We adopt with approval the trial court’s sentencing reasons which we append as an unpublished appendix. These reasons are supported by the record and fully comply with the guidelines of CCrP Art. 894.1. The consecutive sentences, of five years and ten years at hard labor, are not the maximum sentences to which defendant was exposed even after the charges were reduced.
In the light of the trial court’s articulation of sentencing factors, defendant’s contention that the sentence was not particularized or individualized is obviously without merit. Similarly and where a defendant’s conduct is not adequately described by the lesser crime or crimes to which he bargains to plead guilty to reduce his sentence exposure, a trial court does not abuse its discretion or commit error by failing to particularly justify the maximum sentence for the lesser crime. State v. Landos, 419 So.2d 475 (La.1982); State v. Winzer, 465 So.2d 817 (La.App. 2d Cir.1985).
Defendant reduced his sentence exposure by more than one half under the plea bargain. He was exposed to consecutive sentences after the pleas to a total of 20 years. Consecutive sentences totaling 15 years under the circumstances of this record were warranted and are not excessive.
AFFIRMED.