543 So.2d 1093 (1989)
STATE of Louisiana, Appellee,
v.
Norman R. TATE, Appellant.
No. 20720-KA.
Court of Appeal of Louisiana, Second Circuit.
May 10, 1989.
*1094 Wilson Rambo, Monroe, for appellant.
William J. Guste, Jr., Atty. Gen., Baton Rouge, James A. Norris, Jr., Dist. Atty., John P. Spires, Asst. Dist. Atty., Monroe, for appellee.
Before MARVIN, NORRIS and LINDSAY, JJ.
MARVIN, Judge.
After being indicted for the aggravated rape and aggravated crime against nature of his 11-year-old stepdaughter and pleading guilty to the lesser crimes of aggravated oral sexual battery and molestation of a juvenile, the defendant stepfather appeals, as excessive, consecutive 15-year sentences totalling 30 years at hard labor.
We affirm.
Defendant's sexual relationship with his stepdaughter began when she was 11 years old and continued for two years until the child's mother caught him fondling the child. More than once a week during the two-year period, defendant engaged in sexual intercourse, fellatio, and cunnilingus with the child, who became a willing participant.
The trial court considered defendant's age (39), education, his honorable discharge from the Marine Corps, and his relatively steady employment since 1973 as a repairman for mobile home businesses, as well as the fact that he supported, and was separated from, the mother of his three stepchildren. The court noted that defendant did not have a criminal record and that financial hardship might result to his wife and stepchildren from his incarceration.
The court also remarked:
Sexual abuse is the shame of this nation. And the only way that the courts know how to deal with it [is] to impose stiff penalties. So that maybe someone out there in the community will think twice before they engage in the conduct that you have

. . . . .
The court found that there was an undue risk that defendant would commit another crime if his sentence was probated, that he needed correctional treatment, and that a *1095 lesser sentence would deprecate the seriousness of the offenses. The court emphasized the leniency obtained by defendant in the bargain with the State that allowed him to plead guilty to the lesser crimes.
The trial court observed that permanent damage had resulted especially to the stepdaughter-victim, notwithstanding that she, her mother, and the defendant had benefited somewhat by therapy.
Defendant contends that the child's willing participation in, and her sometimes initiation of, the sexual misconduct should serve as the mitigation that is contemplated in CCrP Art. 894.1 B(5), that the victim induced or facilitated the commission of the crimes.
This contention suggests that the "consent" of the child should mitigate the sentence. Aggravated rape is a rape that is "deemed to be without the lawful consent of the victim ... when the victim is under the age of twelve years." LRS 14:42 A(4). Comments to the article squarely state that a child under the age of twelve years is incapable of consenting to carnal knowledge and that intercourse with a girl under the age of 12 is rape. See Comment, Cr.C. Art. 42, Act 43 of 1942.
It is difficult for us to conceive that the Legislature, on the one hand, would say that a child under the age of 12 is legally incapable of consenting to sexual intercourse, while on the other hand would say that such a child is legally capable of inducing or facilitating a rape so as to mitigate the sentence for the conduct that is made criminal. We shall not attempt to reconcile the statutes but shall simply hold that the trial court considered and gave due weight to defendant's contention that his 11-year-old stepdaughter induced or facilitated the rape because she consented or urged him to have sexual intercourse.
Defendant suggests in his brief that the trial court, in effect, was "grandstanding" and playing to an audience of high school girls who, as a part of a class project, were observing the manner in which a trial court functioned. In this respect, defendant emphasizes the trial court's remarks quoted above that sexual abuse is the "shame of the nation ..."
A trial court may consider larger sociological concerns in imposing sentence as long as the sentence is particularized to the defendant. State v. Ray, 423 So.2d 1116 (La.1982). In State v. Webster, 427 So.2d 1324, 1327 (La.App.2d Cir.1983), we affirmed consecutive sentences totaling 25 years for guilty pleas to aggravated burglary and attempted aggravated rape which occurred when defendant broke into the victim's home and brutally beat and terrorized her. Stating a lesser sentence would deprecate the seriousness of the offense, the trial court observed there was a "strong move about in the United States to try to do something about the crime of rape." We did not find the sociological concern improper because the sentence was otherwise particularized to the depraved and violent conduct of that defendant.
We can only assume that the trial court was cognizant of its oath of office and was not unduly influenced at sentencing by the presence of the high school class observing a trial court in session. Defendant only suggests, and has not shown, prejudice in this respect.
Defendant also argues that the trial court should have weighed more heavily the reports that indicated he was favorably responding to therapy. The therapists reported their results and the progress of the family to the court. We cannot find that the trial court abused its discretion in weighing the reports with the other sentencing factors.
In reviewing a sentence for excessiveness, this court must determine the trial court followed CCrP Art. 894.1 guidelines and the sentence is appropriate considering defendant's background and the circumstances of the offense. See State v. Ester, 490 So.2d 579 (La.App. 2d Cir.1986).
This record reflects the CCrP Art. 894.1 guidelines were considered and the sentence was particularized to this defendant.
Every aggravating or mitigating circumstance need not be articulated by the trial judge. The important factors are defendant's personal history (age, family ties, marital status, health and employment record), prior criminal record, seriousness *1096 of the offense, and likelihood of rehabilitation. State v. Hall, 519 So.2d 391 (La.App. 2d Cir.1988), writ denied, 524 So.2d 516 (La.).
The court made specific reference to the great benefit defendant had received in the plea bargain. Defendant could have received life imprisonment at hard labor without benefit of parole, probation or suspension of sentence for aggravated rape (LRS 14:42 C) plus two 15-year hard labor sentences without benefit of parole, probation or suspension of sentence for each of the aggravated crime against nature charges (LRS 14:89.1 B). Defendant reduced his exposure by the plea bargain to 35 years at hard labor.
Defendant received the maximum sentence, 15 years at hard labor, for molestation of a juvenile (LRS 14:81.2). He received 15 years at hard labor for aggravated oral sexual battery (LRS 14:43.4), the maximum penalty for which is 20 years at hard labor. In cases where a defendant pleads guilty to an offense which does not adequately describe his conduct, the trial judge has great discretion in the imposition of sentence. State v. Lanclos, 419 So.2d 475 (La.1982). Defendant admitted he was guilty of the crimes for which he was originally indicted.
CCrP Art. 883 provides in part:
If the defendant is convicted of two or more offenses based on the same act or transaction or constituting parts of a common scheme or plan, the terms of imprisonment shall be served concurrently unless the court expressly directs that some or all be served consecutively.... Our emphasis.
The comments to that article note "[t]he sentencing judge's authority to impose either concurrent or consecutive sentences is well recognized." Even though the conduct of defendant in the broad sense could be deemed as a continuing scheme or transaction, his conduct on each occasion for two years was separate and distinct so as to justify consecutive sentences. See State v. Ester, supra, where a mother received four consecutive four-year sentences for four instances of sexual intercourse with her 13-year-old son which occurred on October 29, November 3, November 5, and December 10, 1981.
In State v. Davis, 514 So.2d 757 (La.App. 2d Cir.1987), consecutive sentences of 10 years (sexual battery) and 15 years (molestation of a juvenile) were affirmed where guilty pleas reduced the defendant's exposure from four life sentences without probation, parole or suspension, plus an additional 300 years for crimes of incest. In a forgery case, State v. Nelson, 467 So.2d 1159 (La.App. 2d Cir.1985), we noted:
[Even] assuming that the three counts involved were close enough in time and place to be considered "same act" crimes, the trial court is not obligated to mete out concurrent sentences. 467 So.2d at 1161.
The trial court here properly pronounced and supported the consecutive sentences.
A sentence is excessive under LSA-Const. Art. 1, § 20 (1974) if it is grossly out of proportion to the seriousness of the offense or nothing more than the purposeless and needless infliction of pain and suffering. State v. Ester, supra. The consecutive sentences in this instance are not excessive and are
AFFIRMED.