890 So.2d 761 (2004)
STATE of Louisiana, Appellee,
v.
Jesus MARTINEZ, Appellant.
No. 39,332-KA.
Court of Appeal of Louisiana, Second Circuit.
December 22, 2004.
*762 Louisiana Appellate Project by Mary C. Hanes, Paula C. Marx, for Appellant.
J. Schuyler Marvin, District Attorney, John M. Lawrence, Andrew C. Jacobs, Assistant District Attorneys, for Appellee.
Before STEWART, PEATROSS and DREW, JJ.
STEWART, J.
The defendant, Jesus Martinez, pled guilty to one count of oral sexual battery, a violation of La. R.S. 14:43.3, punishable by imprisonment for not more than ten years without benefit of probation, parole, or suspension of sentence. The trial court imposed the maximum sentence of ten years at hard labor and denied a motion for reconsideration. The defendant argues on appeal that his sentence is excessive. Finding no abuse of the trial court's discretion, we affirm.

FACTS
The matters of record show that on February 14, 2003, the defendant, age 17, forced two female juveniles, ages 7 and 11, to perform fellatio on him after he had fondled their chests and pubic areas. He used his hand to force their heads down upon him, and he ejaculated in the mouth of the younger victim. He then told the girls that he was going to put his penis in them. They protested loudly and drew the attention of other adults in the house. The children later reported what had occurred, and the defendant was taken into police custody. The defendant said that he had been drinking and had fallen asleep. He claimed that he awoke to find the two children performing oral sex on him.
The defendant was charged by bill of information with two counts of oral sexual battery in violation of La. R.S. 14:43.3. By plea agreement, he pled guilty to one count, and the state dismissed the other count. After reviewing the pre-sentence investigation (PSI) report, the trial court *763 imposed the maximum sentence of ten years at hard labor with credit for time served. The defendant's motion for reconsideration of sentence was denied, and this appeal seeking review of the sentence for excessiveness followed.

DISCUSSION
When, as here, a defendant's motion for reconsideration urges merely that the sentence is excessive, the defendant is relegated only to a claim of constitutional excessiveness. State v. Mims, 619 So.2d 1059 (La.1993). Constitutional review turns upon whether the sentence is illegal, grossly disproportionate to the severity of the offense, or shocking to the sense of justice. State v. Lobato, 603 So.2d 739 (La.1992); State v. White, 37,815 (La.App.2d Cir.12/17/03), 862 So.2d 1123.
A trial court has broad discretion to sentence within the statutory limits. Absent a showing of manifest abuse of that discretion, an appellate court may not set aside a sentence as excessive. State v. Guzman, 99-1753 (La.5/16/00), 769 So.2d 1158.
Moreover, our law recognizes that where a defendant has plead guilty to an offense that does not adequately describe his conduct or has received a significant reduction in his sentencing exposure through a plea bargain, the trial court has great discretion in imposing even the maximum sentence for the pled offense. State v. Black, 28,100 (La.App.2d Cir.2/28/96), 669 So.2d 667, writ denied, 96-0836 (La.9/20/96), 679 So.2d 430.
Prior to imposing sentence, the trial court considered a PSI report and the facts of the case. The court noted that the defendant had been allowed to plead to only one count of oral sexual battery and that the other count had been dismissed. In reviewing the defendant's background, the court noted that the defendant had dropped out of high school, had not obtained a GED or employment, and had no criminal history. However, the court found no mitigating factors for the reprehensible crime committed by the defendant against two young girls. The court also noted that the defendant had been drinking alcohol on the evening of the incident. Rather than take responsibility for what happened, the defendant blamed the young victims and claimed they instigated the acts. These facts along with the serious nature of the charge, the youth of the victims, and the lack of remorse shown by the defendant were all considered by the trial court in imposing the maximum sentence.
On this record, we do not find constitutional error in the maximum sentenced imposed by the trial court. The defendant, a first time offender, obtained a great benefit through the plea bargain which reduced his sentencing exposure by half. The trial court carefully considered the facts and circumstances of the case prior to imposing the sentence. Contrary to the arguments of appellate counsel on behalf of the defendant, nothing in the record suggests that this crime would not have occurred had the defendant not been drinking or that the defendant deeply regrets his actions. Rather, the defendant's failure to take responsibility and his attempts to place the blame on the young victims shows that his actions were carefully calculated and that he is not remorseful.
Considering the egregious nature of this crime, we do not find the sentence to be grossly disproportionate to the severity of the offense nor shocking to our sense of justice. The defendant has not shown a manifest abuse of the trial court's discretion in imposing the sentence of ten years at hard labor.
*764 We note that under La. R.S. 14:43.3(C), the sentence is to be served "without benefit of parole, probation, or suspension of sentence." Though the trial court failed to specifically direct that the sentence is to be served without benefits, this omission is automatically corrected by La. R.S. 15:301.1.

CONCLUSION
The sentence imposed is lawful and not constitutionally excessive. Thus, we affirm the defendant's conviction and sentence.
AFFIRMED.