STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

06-281

STATE OF LOUISIANA

VERSUS

WILBERT TOUCHET, JR.

**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF VERMILION, NO. 39,800
HONORABLE JOHN DAMIAN TRAHAN, DISTRICT JUDGE

**********

OSWALD A. DECUIR
JUDGE

**********

Court composed of Oswald A. Decuir, Glenn B. Gremillion, and J. David Painter, Judges.

Painter, J., concurs and assigns reasons.

AFFIRMED.

Michael Harson
District Attorney
Fifteenth Judicial District Court
P.O. Box 3306
Lafayette, LA 70502-3306
(337) 232-5170
Counsel for Appellee:
State of Louisiana

Richard J. Putnam, III
Assistant District Attorney
Fifteenth Judicial District Court
P.O. Box 175
Abbeville, LA 70511-0175
(337) 893-0103
Counsel for Appellee:
State of Louisiana

Edward K. Bauman

**Edward K. Bauman**
**Louisiana Appellate Project**
**P. O. Box 1641**
**Lake Charles, LA 70602-1641**
**(337) 491-0570**
**Counsel for Defendant/Appellant:**
**Wilbert Touchet, Jr.**

**Wilbert Touchet, Jr.**
**In Proper Person**
**Louisiana State Penitentiary**
**Oak Three Unit**
**Angola, LA 70712**

**DECUIR, Judge.**

Defendant, Wilbert Touchet, Jr., was convicted of sexual battery, a violation of La.R.S. 14:43.1, and simple battery, a violation of La.R.S. 14:35, by this court on March 8, 2005. Relator was originally convicted of aggravated rape, second degree battery, and false imprisonment. However, this court found that the evidence was not sufficient to support the three convictions. Accordingly, this court reduced two of the convictions, reversed the false imprisonment conviction, vacated the sentences, and remanded the matter for resentencing. *See State v. Touchet,* 04-1027 (La.App. 3 Cir. 3/9/05), 897 So.2d 900.

Defendant was resentenced on October 10, 2005, to ten years at hard labor without the benefit of parole, probation, or suspension of the sentence on the conviction for sexual battery and to six months in the parish jail on the conviction for simple battery. The sentences were ordered to be served consecutively. Defendant filed a motion to reconsider the sentences on October 24, 2005, alleging that the sentences were constitutionally excessive and that the trial court erred when it sentenced Defendant to consecutive sentences. A hearing was held on December 12, 2005, wherein his motion for reconsideration was denied. It is from this denial Defendant now appeals.

## ASSIGNMENT OF ERROR

Defendant appeals his sentences. He alleges that the trial court erred when it ordered the sentences to be served consecutively, and that the maximum sentences are excessive under the circumstances of the case. Defendant was convicted of one count of sexual battery, a violation of La.R.S. 14:43.1, which provides for a sentencing range of "imprisonment, with or without hard labor, without benefit of parole, probation, or suspension of sentence, for not more than ten years," and one count of simple battery, a violation of La.R.S. 14:35, which provides for a punishment of a

"[fine] not more than five hundred dollars, or imprisonment for not more than six months or both." Defendant was sentenced to the maximum imprisonment on both convictions and ordered to serve the sentences consecutively. He argues that maximum sentences were not warranted under the facts of the case.

In *State v. Whatley*, 03-955, 03-1275, pp. 5-6 (La.App. 3 Cir. 3/3/04), 867 So.2d 955, 958 (alteration in original), this court held:

> The Eighth Amendment to the United States Constitution and La. Const. art. I, § 20 prohibit the imposition of cruel or excessive punishment. "'[T]he excessiveness of a sentence becomes a question of law reviewable under the appellate jurisdiction of this court.'" *State v. Dorthey*, 623 So.2d 1276, 1280 (La.1993) (quoting *State v. Sepulvado*, 367 So.2d 762, 764 (La.1979)). Still, the trial court is given wide discretion in imposing a sentence, and, absent a manifest abuse of that discretion, we will not deem as excessive a sentence imposed within statutory limits. *State v. Pyke*, 95-919 (La.App. 3 Cir. 3/6/96), 670 So.2d 713. However, "[m]aximum sentences are reserved for the most serious violations and the worst offenders." *State v. Farhood*, 02-490, p. 11 (La.App. 5 Cir. 3/25/03), 844 So.2d 217, 225. The only relevant question for us to consider on review is not whether another sentence would be more appropriate, but whether the trial court abused its broad discretion in sentencing a defendant. *State v. Cook*, 95-2784 (La. 5/31/96), 674 So.2d 957, *cert. denied*, 519 U.S. 1043, 117 S.Ct. 615, 136 L.Ed.2d 539 (1996).

Louisiana Code of Criminal Procedure Article 883 provides:

> If the defendant is convicted of two or more offenses based on the same act or transaction, or constituting parts of a common scheme or plan, the terms of imprisonment shall be served concurrently unless the court expressly directs that some or all be served consecutively. Other sentences of imprisonment shall be served consecutively unless the court expressly directs that some or all of them be served concurrently. In the case of the concurrent sentence, the judge shall specify, and the court minutes shall reflect, the date from which the sentences are to run concurrently.

Initially, it is noted that since the offense of simple battery was a misdemeanor, a review of the sentence imposed on the conviction for simple battery would more appropriately be raised by a writ rather than on appeal. However, we will address the

2

claim under this circumstance in the interest of judicial economy. *See State v. Branch*, 96-1626 (La.App. 3 Cir. 5/21/97), 696 So.2d 81.

At the resentencing hearing, following a recitation of the procedural history which brought the case back to the trial court for resentencing, a review of the offenses, and the potential punishments associated with the offenses, the trial court stated as follows:

> The Pre-sentence Investigation Report reveals the following criminal record of Mr. Touchet. He was convicted of DWI in 1992 in Jennings. In 1996, he was convicted of battery of a police officer, two (2) counts. In 1996, he was convicted of simple battery. In 1997, he was convicted of simple battery, domestic violence, in the Kaplan City Court. In 1990–2000, he was convicted of simple battery in this parish. In 2002, he was convicted of second degree battery in the District Court in Cameron, and he received a two-year D.O.C. sentence, which was suspended. And in 1997, he was convicted of another simple battery, domestic violence.
>
> In addition to those convictions, he was also, some years ago, arrested for eight (8) counts of attempted first degree murder. That–those charges were dismissed by the District Attorney. He was charged in another case with aggravated rape and was acquitted by the jury. On another occasion, he was charged with aggravated assault, aggravated battery, simple battery and false imprisonment, and that case against him was dismissed because the female victim declined to prosecute.
>
> These convictions are the result of what I guess can be described as a reign of terror committed by Mr. Touchet on [C.L.]. Over a period of two (2) to three (3) weeks he beat her, threatened her and he terrorized her on a daily basis until March 31ˢᵗ, when he savagely beat her in Cameron Parish and she was able to escape and file charges against him over there.
>
> . . . .
>
> Mr. Touchet has a long history of violence. He's got a history of violence against women, as evidenced by his convictions for domestic abuse battery. Anything less than the maximum penalty for sexual battery would deprecate the seriousness of the crime that he committed.

The fifth circuit, in *State v. Lisotta,* 98-648 (La.App. 5 Cir. 12/16/98), 726 So.2d 57, *writ denied*, 99-433 (La. 6/25/99), 745 So.2d 1183, held that a reviewing

court should consider three factors in reviewing the trial court's sentencing discretion: 1) the nature of the crime, 2) the nature and background of the offender, and 3) the sentence imposed for similar crimes by the same court and other courts.

Battery is defined as "the intentional use of force or violence upon the person of another." La.R.S. 14:33. In brief, Defendant argues that "the trial court noted that Touchet had a history of violence against women. It is noted, however, that Wilbert Touchet had only one prior conviction for domestic violence, a simple battery conviction in 1997." What is notable is that in a ten-year period, Defendant, who was thirty-six at the time of sentencing, had nine convictions which involved violence against persons. Moreover, within that time period, Defendant had been charged with several offenses involving violence toward women, and was either acquitted or the charges dismissed because the victim declined to testify. We note that besides the arrests for offenses described by the trial court above, Defendant's arrest report indicated there was an additional charge of domestic battery in 2001, and charges of molestation of a juvenile and aggravated oral sexual battery in 1998. Further, included with the eight charged offenses of attempted first degree murder, there was a charge of illegal discharge of a firearm.

The trial court heard testimony that during the few weeks Defendant and the victim were together, he continuously beat her. The victim testified that the beatings occurred daily, that he would strike her in the face with his fist. The trial court saw photographs depicting bruises all over the victim's body.

In *State v. Dykes,* 38,092 (La.App. 2 Cir. 3/3/04), 867 So.2d 908, *writ denied*, 04-847 (La. 9/24/04), 882 So.2d 1169, the second circuit affirmed the maximum sentences of ten years at hard labor on each of three counts of sexual battery of a juvenile, even though Dykes was sixty-four years old and suffered from a disabling

4

medical condition. In *State v. Peloquin,* 04-667 (La.App. 3 Cir. 11/17/04), 888 So.2d 393, *writ denied*, 04-3170 (La. 4/8/05), 898 So.2d 1280, this court did not find the maximum sentence of five years on a conviction for attempted sexual battery to be excessive. The evidence indicated Peloguin was the victim's godfather and the victim was considered to be retarded. In *State v. Martinez,* 39,332 (La.App. 2 Cir. 12/22/04), 890 So.2d 761, the second circuit did not find Martinez's maximum sentence of ten years on a conviction of oral sexual battery to be excessive, even though he had no prior criminal record.

Considering the circumstances of this case and Defendant's prior criminal history, the maximum sentences of ten years at hard labor and six months in the parish jail, to be served consecutively, are such that they would not shock this court's sense of justice. The trial court did not abuse its considerable discretion when it sentenced Defendant to the maximum sentences.

Defendant further argues that the trial court erred when it sentenced him to serve six months on the conviction for simple battery consecutively to the ten-year sentence. In brief, Defendant argues only that "as the convictions arose out of the same occurrence, concurrent sentences should have been imposed." However, simply because it was the same victim, it cannot be argued that the simple battery necessarily arose out of the same act or transaction, or constituted parts of a common scheme or plan as the sexual battery. Defendant's abuse of the victim was daily over a period of several weeks. Accordingly, there is no merit to this claim.

**DECREE**

For the foregoing reasons, Defendant's sentences are affirmed.

**AFFIRMED.**

5

**STATE OF LOUISIANA**

**VERSUS**

**WILBERT TOUCHET, JR.**

Painter, J., concurs.

I concur in the majority opinion herein. While I agree that the record supports the sentence imposed, I would also find that the sentence is illegally lenient because the trial court failed to deny diminution of the sentence pursuant to La.R.S. 15:537. Pursuant to *State v. Williams*, 00-1725 (La.11/28/01), 800 So.2d 790 and La.Code Crim.P. art. 882, this court is authorized to recognize and correct illegally lenient sentences. *See also State v. Vollm*, 04-837 (La.App. 3 Cir. 11/10/04), 887 So.2d 664; *State v. Loyden,* 04-1558 (La.App. 3 Cir. 4/6/05), 899 So.2d 166; and *State v. G.M.W., Jr.*, 05-391 (La.App. 3 Cir. 11/2/05), 916 So.2d 460. Therefore, I would recognize the error patent, amend the sentence, and instruct the trial court to make a notation in its minutes of the amendment.