MOORE, J.
 

 |1 After being arrested for aggravated rape, Gregory Freeman was charged by bill of information with molestation of a juvenile, his nine-year-old stepdaughter, a violation of La. R.S. 14:82.1 C. He pled guilty as charged and was sentenced to 19 years at hard labor, with the order to have no contact with the victim or her family. He now appeals his sentence as excessive. We affirm.
 

 Freeman’s
 
 Boykin
 
 hearing was not transcribed, but the district court fully developed the underlying facts at sentencing. In June 2007, Freeman’s wife approached the bathroom of them trailer in Bawcom-ville. She could see him standing in the doorway with his pants pulled down, masturbating in front of her nine-year-old daughter. After being discovered, Freeman left the trailer; Ms. Freeman called the Ouachita Parish Sheriffs Office. The girl told a sheriffs corporal that Freeman had been “moving her head back and forth,” “putting his dick in her mouth” and “rubbing her down there,” referring to the vagina.
 

 Ms. Freeman took her three children and moved to North Carolina. There, Child Protective Services interviewed the children. The younger girl and boy reported no abuse, but the nine-year-old described repeated events of misconduct. These included Freeman coming into her bedroom and putting his genitals to her mouth; sticking his penis in her private area; holding the door shut while doing these things; and threatening her if she told her mother. The child’s description of adult male anatomy was graphic, and a doctor confirmed “persistent anal dilation” consistent with entry.
 

 |2Freeman admitted that “this incident occurred at most possibly three times,” but denied penetrating the victim, holding the door shut or threatening any of the kids.
 

 As noted, Freeman was arrested for aggravated rape but charged with molestation of a juvenile over whom the offender had control or supervision, R.S. 14:81.2 C.
 
 *1243
 
 He pled guilty as charged and received 19 years at hard labor with the order to have no contact with the victim or her family. His motion to reconsider was denied. He now appeals, urging his near-maximum sentence was excessive, given his lack of a felony criminal record and the fact that the other children in the trailer were never harmed. He contests the court’s finding of “sadistic gratification” and its reliance on
 
 State v. Tate,
 
 543 So.2d 1093 (La.App. 2 Cir.),
 
 writ denied,
 
 551 So.2d 629 (La.1989), as that case involved much more frequent incidents over a two-year period.
 

 Appellate review of sentences for excessiveness is a two-pronged inquiry. First, the record must show that the sentencing court complied with La. C. Cr. P. art. 894.1. The court need not list every aggravating or mitigating factor so long as the record reflects that it adequately considered the guidelines.
 
 State v. Marshall,
 
 94-0461 (La.9/5/95), 660 So.2d 819;
 
 State v. Taylor,
 
 42,627 (La.App. 2 Cir. 10/24/07), 968 So.2d 1135,
 
 twit denied,
 
 2008-0424 (La.11/10/08), 996 So.2d 1063. When the record shows an adequate factual basis for the sentence imposed, remand is unnecessary even in the absence of full compliance with the article.
 
 State v. Lobato,
 
 603 So.2d 739 (La.1992);
 
 State v. Taylor, supra.
 
 No sentencing factor is accorded greater weight by statute than any other factor.
 
 State v. Taves,
 
 2003-0518 (La.12/3/03), 861 So.2d 144;
 
 State v. Quiambao,
 
 36,587 (La.App. 2 Cir. 12/11/02), 833 So.2d 1103,
 
 writ denied,
 
 2003-0477 (La.5/16/03), 843 So.2d 1130.
 

 The second prong is constitutional exeessiveness. A sentence violates La. Const. Art. 1, § 20 if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless imposition of pain and suffering.
 
 State v. Dorthey,
 
 623 So.2d 1276 (La. 1993). A sentence is deemed grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice or makes no reasonable contribution to acceptable penal goals.
 
 State v. Guzman,
 
 99-1528 (La.5/16/00), 769 So.2d 1158. The sentencing court has wide discretion in imposing a sentence within the statutory limits, and such a sentence should not be set aside as excessive in the absence of manifest abuse of that discretion.
 
 State v. Williams,
 
 2003-3514 (La.12/13/04), 893 So.2d 7.
 

 As a general rule, maximum or near-maximum sentences are reserved for the most serious violations of the charged offense and the worst kind of offender.
 
 State v. Cozzetto,
 
 2007-2031 (La.2/15/08), 974 So.2d 665. When the offense to which the defendant pled guilty does not adequately describe his conduct, the court has great discretion to impose the maximum or a near-maximum sentence.
 
 State v. Lanclos,
 
 419 So.2d 475 (La.1982);
 
 State v. Johnson,
 
 43,810 (La.App. 2 Cir. 1/14/09), 2 So.3d 567.
 

 Convicted of molestation of a juvenile over whom he had control or supervision, Freeman faced a maximum of 20 years at hard labor and a fine of $10,000. La. R.S. 14:81.2 C.
 

 LThe district court held a long sentencing hearing in which it related the details of the PSI, heard testimony from Freeman’s mother, and discussed the sentencing factors
 
 in extenso.
 
 The court noted that Freeman had worked as a welder and provided good financial support for his family. Also, he had no prior felonies, but his four prior misdemeanors, including two DWIs, undercut the claim of a relatively crime-free past. As aggravating factors, the court found serious emotional damage to the victim and no justification for Freeman’s conduct. Most importantly, the court noted the enormous benefit accruing
 
 *1244
 
 from the plea bargain, which reduced Freeman’s exposure from mandatory life to a maximum of 20 years. Compliance with Art. 894.1 was not only adequate but exemplary.
 

 Further, this sentence is not disproportionate to Freeman’s conduct. While his acts may not have been as pervasive and prolonged as those in
 
 State v. Tate, supra,
 
 the district court could find multiple instances of molestation and, contrary to Freeman’s denial, anal rape. The sentence appears commensurate with the offense and offender.
 
 State v. Ferguson,
 
 44,009 (La.App. 2 Cir. 2/25/09), 4 So.3d 315. We perceive no abuse of the district court’s sentencing discretion. The assigned error lacks merit.
 

 We have reviewed the entire record and find nothing we consider to be error patent. La. C. Cr. P. art. 920(2). For the reasons expressed, Gregory Freeman’s conviction and sentence are affirmed.
 

 AFFIRMED.