NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

16-300

STATE OF LOUISIANA

VERSUS

TRAVIS R. MCKEE

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
THIRTIETH JUDICIAL DISTRICT COURT
PARISH OF VERNON, NO. 87683
HONORABLE C. ANTHONY EAVES, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

JOHN D. SAUNDERS
JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Sylvia R. Cooks, John D. Saunders, and Shannon J. Gremillion, Judges.

AFFIRMED.

**Leslie R. Leavoy, Jr.**
**Attorney at Law**
**125 N. Washington Street**
**DeRidder, LA 70634**
**(377) 462-6051**
**COUNSEL FOR DEFENDANT/APPELLANT:**
    **Travis R. McKee**

**Hon. Asa A. Skinner**
**District Attorney, Thirtieth Judicial District Court**
**Terry W. Lambright**
**First Assistant District Attorney**
**P. O. Box 1188**
**Leesville, LA 71496-1188**
**(337) 239-2008**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
    **State of Louisiana**

**SAUNDERS, Judge.**

Defendant, Travis R. McKee, was charged with two counts of forcible rape, violations of La.R.S. 14:42.1, and four counts of molestation of a juvenile, violations of La.R.S. 14:81.2, as the results of alleged acts on February 20 and 21, 2015. He pled guilty to "Count 1," forcible rape, and to "Count 6," molestation of a juvenile, on September 14, 2015. The State dismissed the remaining charges.

The trial court ordered a pre-sentencing investigation (PSI). On November 10, 2015, the trial court sentenced Defendant to forty years at hard labor for forcible rape and to twenty years at hard labor for molestation of a juvenile, with credit for time served. The sentences are to run consecutively to each other.

Defendant timely filed a motion to reconsider his sentences on December 3, 2015. He argued that the maximum sentences were excessive for a first felony offender, that the sentences being made consecutive were error by the trial court, that the events for which he was sentenced were part of the same transaction and occurrence, and that the sentences were based, at least in part, on the trial court's erroneous belief that Defendant had not taken responsibility or shown any remorse for his crimes. The trial court denied the motion without comment on December 4, 2015. Defendant now appeals the length and consecutive nature of his sentences and reargues the issues from his motion to reconsider his sentences.

**FACTS:**

The State presented this factual recitation at Defendant's plea hearing:

[B]etween the dates of February 20th and February 21st, 2015, [Defendant] did commit the offenses of forcible rape and molestation of a juvenile while he had supervision and control over the juvenile in that on the 20th day of February at that time [Defendant] was in a relationship with the juvenile's mother, Ms. Brandy Mize. At some time prior to his contact with the child on that date he had had some conversation with Ms. Mize where Ms. Mize gave him access, sexual

access, to her daughter in that she was allowing [Defendant] to have sexual access to the daughter, according to what they said was to control the child's hormones. The child we're talking about is a child whose initials are M.M. and whose date of birth is 9/15 of 1998.

On that date after a conversation with the child when [Defendant] arrived at the home at 104 Ridge Road in Rosepine, Vernon Parish, Louisiana, they went back to the bedroom and [Defendant] placed handcuffs on the child and had a belt or some other type of strap and did remove the bottom clothing of the child and bent the child over the bed and whipped the child at least one time. After that [Defendant] turned the child over and put her down on the bed and performed oral sexual intercourse on the child. During this the mother, [Brandy] Mize, was in the room - - excuse me, the mother, Brandy Mize, was in the room and she was allowing all this to go on. The child was handcuffed at the time and crying as [Defendant] orally raped her in front of the mother.

This sexual conduct between the mother and [Defendant] and the child continued over the course of the weekend all the way up to Count 6 which occurred on the 21st day of February, 2015, and at that time they had been out. The juvenile was still under the control and supervision of [Defendant]. She had been around the mother and [Defendant] performing various sexual acts and during Count 6 [Defendant] and the mother had just finished having sexual intercourse when [Defendant] turned his attention onto the child and had vaginal sexual intercourse with her and made the juvenile perform oral sexual intercourse upon him. All this is while the mother was present.

[Defendant]'s date of birth is July 24th of 1971 and he - - [T]here is an age difference of two years between the child and [Defendant]. The State alleged that that is a sufficient factual basis for one count of forcible rape and one count of molestation of a juvenile while the offender had supervision and control.

Defendant's counsel agreed with that recitation, except to deny Defendant whipped the victim on February 20, 2015, and to deny the victim was in his continuous control for the entirety of the two days.

**ERRORS PATENT:**

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed by this court for errors patent on the face of the record. After reviewing the record, we find that there are no errors patent which require recognition.

**ASSIGNMENTS OF ERROR NUMBERS ONE AND TWO:**

Defendant contends the trial court erred by imposing the maximum possible sentences on a first offender as a result of his guilty plea to forcible rape and to molestation of a juvenile. This court has previously discussed the standard for reviewing excessive sentence claims:

> [Louisiana Constitution Article] I, ⃞ 20 guarantees that, "[n]o law shall subject any person to cruel or unusual punishment." To constitute an excessive sentence, the reviewing court must find the penalty so grossly disproportionate to the severity of the crime as to shock our sense of justice or that the sentence makes no measurable contribution to acceptable penal goals and is, therefore, nothing more than a needless imposition of pain and suffering. The trial court has wide discretion in the imposition of sentence within the statutory limits and such sentence shall not be set aside as excessive absent a manifest abuse of discretion. The relevant question is whether the trial court abused its broad sentencing discretion, not whether another sentence might have been more appropriate.

*State v. Barling*, 00-1241, 00-1591, p. 12 (La.App. 3 Cir. 1/31/01), 779 So.2d 1035, 1042, *writ denied*, 01-838 (La. 2/1/02), 808 So.2d 331 (citations omitted).

The sentencing range for the crime of forcible rape is from five to forty years at hard labor, with at least two years of the sentence without benefit of probation, parole, or suspension of sentence. La.R.S. 14:42.1. The sentencing range for molestation by an offender who has control or supervision over a juvenile is five to twenty years, with or without hard labor, and/or a fine of up to $10,000. La.R.S. 14:81.2(B)(2).

Defendant received the maximum term sentences for both crimes. Even though his sentences were allowed by statute, they may still be unconstitutionally excessive:

> In deciding whether a sentence is shocking or makes no meaningful contribution to acceptable penal goals, an appellate court may consider several factors including the nature of the offense, the circumstances of the offender, the legislative purpose behind the

3

punishment and a comparison of the sentences imposed for similar crimes. While a comparison of sentences imposed for similar crimes may provide some insight, "it is well settled that sentences must be individualized to the particular offender and to the particular offense committed." Additionally, it is within the purview of the trial court to particularize the sentence because the trial judge "remains in the best position to assess the aggravating and mitigating circumstances presented by each case."

*State v. Smith*, 02-719, p. 4 (La.App. 3 Cir. 2/12/03), 846 So.2d 786, 789, *writ denied*, 03-562 (La. 5/30/03), 845 So.2d 1061 (citations omitted).

As noted in *State v. Smith,* 433 So.2d 688, 698 (La.1983) (citations omitted), "[w]hile the trial judge need not articulate every aggravating and mitigating circumstance outlined in art. 894.1, the record must reflect that he adequately considered these guidelines in particularizing the sentence to the defendant." This does not mean, however, that the trial judge's failure to comply with Article 894.1 renders a sentence invalid, as the goal of this article is articulation of the factual basis for a sentence, "not rigid or mechanical compliance with its provisions." *State v. Lanclos,* 419 So.2d 475, 478 (La.1982). Accordingly, if "the record clearly shows an adequate factual basis for the sentence imposed[,] ... remand is unnecessary, even where there has not been full compliance with Article 894.1." *Id.*

*State v. H.A., Sr.*, 10-95, pp. 25-26 (La.App. 3 Cir. 10/6/10), 47 So.3d 34, 50.

The trial court considered Defendant's PSI report which revealed prior simple battery and DWI/speeding arrests. Both cases were "closed," and the trial court considered Defendant to be a first felony offender. The trial judge also considered letters from Defendant's parents and two aunts, all requesting leniency. He considered the State's written sentencing recommendation, which also served as the victim impact statement pursuant to La.R.S. 46:1844(K). That sentencing recommendation included a verification signed by the victim stating the factual basis was true and correct.

The recommendation noted Defendant participated in a telephone conversation on February 20, 2015, with Brandy Mize in which they apparently discussed Defendant's sexual access to the victim, Mize's daughter. When

4

Defendant arrived home, the conversation continued with the victim and Mize about his plans. Unbeknownst to Defendant, the victim recorded part of the conversation in which Defendant explained that "each time that I f_ _ _ you it gets easier, and it don't [sic] hurt you as bad, and it's more experience and the better you get." Defendant and Mize then escorted the victim to the bedroom where Defendant proceeded to hit the victim with a belt and orally rape the victim in her mother's presence.

When Mize left the home to go get her paycheck, Defendant vaginally raped the victim. Defendant then explained how he planned to have sex with the victim twice a day and teach her how to perform oral sex, please a man, and keep her hormones under control.

Later that night, Defendant had Mize perform oral sex on him in the victim's presence to demonstrate the act; the victim then had to perform it on Defendant, who ejaculated on her face. The lurid acts continued the next day when Defendant inappropriately touched the victim in his car as Mize drove.

When they went home, Defendant and Mize got in bed with the victim. Defendant used a vibrator on the victim and then directed her to use it on herself while Mize performed oral sex on him. Defendant then groped the victim while he and Mize had sexual intercourse. Defendant vaginally raped the victim again and made her perform oral sex on him. The victim was able to escape the house the next morning after Defendant and Mize left.

Although the trial judge considered Defendant's lack of criminal history to be a mitigating factor, he noted the multiple acts against the victim during "the extended period," which spanned two days. After providing a lengthy recitation of the horrendous acts committed by Defendant and Mize, the trial court found no

substantial grounds existed to either justify or excuse Defendant's behavior. He believed "these events would likely reoccur" absent Defendant's incarceration, Defendant would not affirmatively respond to probation, and a lesser sentence would deprecate the seriousness of the crimes.

The defendant in *State v. Childs*, 466 So.2d 1363 (La.App. 3 Cir. 1985), received the maximum sentence of imprisonment for forty years for the forcible rape of his eight-year-old child. This court noted that the defendant:

> acted contrary to society, contrary to morals, and contrary to the psychological well-being of the victim.
>
> Defendant's offense is one of the most flagrant and sordid acts of rape that can be committed. His actions flout the trust a community extends a parent to act in his child's best interest. Because of that initial trust, the crime is almost impossible to prevent. Therefore, we must take into account the deterrent factor of a lengthy sentence for such a serious crime.

*Id.* at 1366. This court concluded "the rape of one's 8 year old daughter is among the most serious violations of the crime of forcible rape" and found the maximum sentence was "appropriately imposed." *Id.* Although the defendant in *Childs* had a prior conviction fifteen years earlier, it was for "felonious stealing," an offense of a totally different type than forcible rape. *Id.* at 1367.

In *State v. Freeman*, 44,419 (La.App. 2 Cir. 6/24/09), 13 So.3d 1241, the defendant pled guilty as charged to molestation of a juvenile after his arrest for the aggravated rape of his nine-year-old stepdaughter. He admitted the sexual abuse occurred, but he said it happened no more than three times. The trial court considered the defendant's lack of felony history but noted four prior misdemeanor convictions along with the serious emotional damage to the victim without any justification for the defendant's conduct. The trial court particularly noted "the enormous benefit accruing from the plea bargain" which reduced the defendant's

exposure from mandatory life in prison for aggravated rape twenty years for molestation. *Id.* at 1243-44. The second circuit noted the trial court's great discretion to impose a maximum or near-maximum sentence "[w]hen the offense to which the defendant pled guilty does not adequately describe his conduct" and affirmed the imposition of the near-maximum sentence of nineteen years at hard labor. *Id.* at 1243.

Here, although Defendant was not the victim's parent, he was the boyfriend of her mother. He held a position of authority over the victim. Further, Defendant was a corrections officer at Angola and approached the victim on the first day of the crimes wearing his uniform and using the handcuffs he had for work. We find that Defendant's lack of criminal history here is not a substantial mitigating factor because of the heinous nature of the offenses and the gravity of the harm he caused the victim. Just as in *Childs*, 466 So.2d 1363, the forcible rape of the victim was among the most serious violations of the crime. "Therefore, based solely on the nature of the offense, a maximum sentence can be appropriately imposed." *Id.* at 1366.

Additionally, Defendant was exposed to two potential sentences for forcible rape and four potential sentences for molestation of a juvenile. His plea agreement reduced his sentencing exposure substantially by eliminating one count of forcible rape and three counts of molestation. However, Defendant argues the State benefitted equally from his plea agreement because it did not have to prove the additional counts, "and the victim avoided the rigors of trial and cross-examination." He argues the State "could offer no explanation" about why the victim failed to call for aid or to report these heinous acts.

This court has said "the trial court may consider the substantial benefit a defendant received from a plea agreement when it results in a substantial reduction in his potential incarceration." *State v. Cooks*, 12-1103, p. 7 (La.App. 3 Cir. 4/3/13), 111 So.3d 554, 558. However, this court will not consider any benefit the State may have gained when considering whether a defendant's sentence is excessive; the factor to consider is the benefit to the defendant. Additionally, Defendant should not be able to benefit from the victim's vulnerable position and understandable reluctance to face trial.

To the contrary, the record shows the victim was afraid of Defendant, and she was able to escape only when Defendant and Mize left the house on Sunday, after the heinous events of Friday and Saturday. When Defendant and Mize left her at home alone on Friday night, she did not contact anyone because she was afraid, and she did not think her father would come get her at night. She was also afraid of not having enough evidence of what had been done to her.

Instead, the victim searched the internet for information about sexual assault. She sent a text to a friend in Alabama, whose mother was a social worker. On Sunday morning, before Defendant and Mize got up, she called her father, reported what had been done to her, and told him he had to come immediately. Later in the morning, the victim was able to evade further assaults by complaining she was hurting and tired. After Defendant and Mize left, the victim collected her clothing and Defendant's used condom as evidence. When her father arrived, she grabbed the bag and ran to his car.

The defendant in *State v. Fontenot*, 09-1044 (La.App. 3 Cir. 5/12/10), 38 So.3d 1122, *writ denied*, 10-1758 (La. 8/19/11), 67 So.3d 1257, was originally charged with the aggravated rape of an eighty-five-year-old woman and pled guilty

8

to forcible rape. This court considered him "the worst of offenders," noted the great benefit he received by pleading to a reduced charge, and affirmed his maximum sentence. *Id.* at 1127. This court found the record supported the defendant's guilt in the original, greater charge of aggravated rape and considered that fact to support the maximum sentence in the lesser charge to which he pled.

Here, Defendant received a substantial benefit from his plea bargain by having the additional count of forcible rape and the additional three counts of molestation of a juvenile dismissed. The additional count of forcible rape exposed Defendant to an additional sentence of five to forty years at hard labor, with at least two years of the sentence without benefit of probation, parole, or suspension of sentence. The additional three counts of molestation exposed him to three additional sentences of five to twenty years, with or without hard labor, and/or three separate fines of up to $10,000 each. Thus, Defendant's plea reduced his potential sentences by twenty to one hundred years and his potential fines by an amount up to $30,000.

The trial court considered some of the factors of La.Code Crim.P. art. 894.1, and the record shows an adequate factual basis for the maximum sentences. Further, we find that the sentences imposed are not disproportionate to the crimes Defendant committed and do not shock the sense of justice. Finally, we note that Mize has also received maximum sentences in *State v. Mize*, 16-158 (La.App. 3 Cir. 9/28/16) __ So.3d. __. Accordingly, we find that the trial court did not abuse its sentencing discretion in imposing maximum sentences in this case.

**ASSIGNMENT OF ERROR NUMBER THREE:**

Defendant contends the trial court erred by ordering his two maximum sentences to be served consecutively, because they occurred during the same

9

transaction and occurrence of events and involved the same victim. We find no merit to this contention.

Louisiana Code of Criminal Procedure Article 883 provides for concurrent sentences when the offenses for which a defendant is convicted constitute parts of "a common scheme or plan" unless the trial court "expressly directs that some or all be served consecutively." Here, the trial court gave that express direction for consecutive sentences.

The trial court is not required to order the sentences to be served concurrently, even when multiple offenses are part of a common scheme or plan. *State v. Burns*, 44,937 (La.App. 2 Cir. 2/2/10), 32 So.3d 261. The *Burns* defendant committed three separate offenses at two different stores within a time frame of about four hours. The second circuit found the offenses "clearly did not arise out of the same transaction or occurrence." *Id.* at 277.

"[D]ifferent victims, places, or dates mean different transactions and different schemes or plans." *State v. H.B.*, 06-1436, p. 7 (La.App. 3 Cir. 4/4/07), 955 So.2d 255, 260. In *H.B.*, the defendant received consecutive sentences for one count of forcible rape and two counts of aggravated rape involving three victims over a period of time.

The defendant in *State v. Touchet*, 06-281 (La.App. 3 Cir. 5/31/06), 931 So.2d 1264, was convicted of simple battery and sexual battery. He was sentenced to serve six months for simple battery and ten years for sexual battery. The sentences were imposed consecutively. This court affirmed the sentences, noting the defendant's acts did not "necessarily ar[i]se out of the same act or transaction, or constitute[] parts of a common scheme or plan" simply because both acts involved the same victim. *Id.* at 1268.

10

In *State v. Thibodeaux*, 05-1187 (La.App. 3 Cir. 3/1/06), 924 So.2d 1205, *writ denied,* 06-700 (La. 10/6/06), 938 So.2d 65, this court affirmed three maximum consecutive sentences for molestation of a juvenile. The defendant admitted his actions involving one of the children took place during a one-year period, and his actions with the other two children, one of whom was mentally handicapped, spanned a six-month period. One of the victims, however, claimed the molestation occurred over a five-year period.

In *Thibodeaux*, at the sentencing hearing, an expert psychiatric witness testified he did not believe the defendant was a sexual predator. The incidents occurred during an isolated period of time and did not indicate a pattern of behavior. He thought the defendant was the least likely of all the patients he had seen who had molested children to repeat the offense. A licensed clinical social worker likewise testified he believed the defendant unlikely to become a recidivist.

The defendant, who was related to the three victims by marriage, blamed the female victims for initiating the offenses along with depression and a bad marriage. Testimony showed he threatened the victims, physically punished them if they refused his advances, and convinced them their parents approved of his acts. The trial judge considered the case to represent one of the worst crimes, particularly when considering the defendant's relationship to the victims. He feared the defendant would prey on other victims. The defendant was a first felony offender but committed a firearms violation between his arrest and his plea. This court held the consecutive sentences were not constitutionally excessive.

Here, Defendant subjected the victim to oral and vaginal rapes on Friday evening. On Saturday evening, he vaginally raped her again and made her perform oral sex on him. He further assaulted her that night. These separate acts on two

11

different dates do not arise out of the same transaction or occurrence or the same common scheme or plan. Regardless, the trial court still had the discretion to impose the sentences consecutively. *Burns*, 32 So.3d 261. Notably, at the plea hearing, Defendant disagreed with the State's factual recitation that the victim was in his continuous control for the entirety of the two days. This supports the notion that the acts did not arise out of the same scheme or plan.

The trial judge recognized Defendant's lack of criminal history but also considered the serious harm his behavior caused the victim. Nothing justified or excused his criminal conduct. The victim requested the sentences recommended by the State. The trial judge also indicated his belief that Defendant was not "likely to respond affirmatively to any type of probationary treatment." He believed Defendant showed an undue risk he would commit another crime during any period of suspended sentence or probation, and lesser sentences would deprecate the seriousness of his offenses.

Incredibly, Defendant argues he "was not deliberately cruel." He appears to support this statement by his denial of using a belt on the victim. He further states, "[t]here is no showing that the use of handcuffs was custodial restraint instead of part of the sexual activities," but he acknowledges either scenario was inappropriate. Apparently, he thinks these purported facts support his alleged lack of deliberate cruelty. Additionally, Defendant suggests any threats of violence perceived by the victim could actually "be considered as part of the sexual activities." We reject this argument because the totality of the events represent deliberate cruelty and deliberately cruel intent.

Given the above, we find that the trial court had the discretion to impose consecutive sentences. Further, we find that the trial judge did not abuse that discretion. As such, we affirm the consecutive nature of the sentences.

**ASSIGNMENT OF ERROR NO. 4:**

Lastly, Defendant argues the trial court erred in specifically finding that he had neither taken responsibility nor shown remorse for the crimes to which he pled guilty. We are unmoved by this argument.

During Defendant's first interview with police on February 22, 2015, he denied having a conversation with the victim about anything sexual, handcuffing her, performing oral sex on her, receiving oral sex from her, and having intercourse with her. The record includes a document with the heading "Face to Face Interview with [Defendant] on 3/2/15 at 10:55am at VPSO Jail" and signed by Megan Legg, Child Welfare Specialist 1; Tarketrick Hickman, Child Welfare Specialist Trainee; and Thomas James, Child Welfare Supervisor. The report states:

> Mr. McKee was not interested in speaking about the allegations made against him (T. McKee) without an attorney. He (T. McKee) indicated this was a "blown up mess" that he (T. McKee) got caught up in. He (T. McKee) stated he (T. McKee) felt Mrs. Mize needed the same charges that he (T. McKee) has. Mr. McKee stated he (T. McKee) was being charged with rape and that it was not rape because [the victim] (minor child) knew 100% what was going on and was consensual. He (T. McKee) stated [the victim] (minor child) never said no or acted scared. He (T. McKee) stated there were no marks on [the victim] (minor child). Mr. McKee stated Mrs. Mize was always right there and how could she (B. Mize) let her ([the victim]) get taken advantage of. He (T. McKee) asked me (Megan Legg) how he (T. McKee) has rape charges and Mrs. Mize doesn't because she (B. Mize) participated the "whole 9 yards." Mr. McKee stated [the victim] was introduced to him as 17 years old going on 18 years old. He stated "it's all bad, but it's not like she ([the victim]) was 10 years old." Mr. McKee wanted to speak hypothetically in terms of him (T. McKee) having to register as a sex offender. He was interested in finding information out on if he (T. McKee) could be around children

after all this was over with, in particularly a 2 year old female child of an ex-girlfriend.

Defendant's brief recognizes he "may have sounded callous" in this statement but claims his PSI shows he is now remorseful. He now understands the harm his actions caused. Defendant alleges that the trial court did not consider his position that he now recognizes the severity of his crimes.

The PSI indicates that Defendant provided a statement on October 14, 2015, which reads:

> I have never been in trouble before. If I could go back I would never do the things I did. I hate what I did. I just hope I can get a second chance. I am very, very sorry for the things I did. I need help. I hope I can get the help I need.

The issue of whether Defendant is remorseful is of no moment. His PSI statement could be interpreted as meaning he is very, very sorry for what he did simply because it means he may not get a second chance to live his life outside of prison. It could, as Defendant argues, indicate he is actually sorry for what he did. The PSI statement does not indicate whether Defendant needs help to not be a sex offender or if he needs help getting his second chance.

Regardless, the record sets out what Defendant did. He agreed that he orally and vaginally raped the victim, the minor daughter of his girlfriend, and he made her perform oral sex on him. Accordingly, we find that the record adequately supports the trial judge's discretion to impose Defendant's sentences consecutively even without considering whether Defendant has remorse for his actions.

**<u>DECREE</u>:**

Defendant's convictions and consecutive maximum sentences are affirmed.

14