HALL, Chief Judge.
The defendant, Leon Arthur Racine, Jr., was charged by indictment with three counts of incest in violation of LSA-R.S. 14:78. The defendant pled guilty to all three counts and was sentenced by the trial court to serve twelve years at hard labor on each count consecutively for a total of 36 years. On appeal, the defendant contends that the trial court imposed an unconstitutionally excessive sentence. Finding no merit to defendant’s assignment of error, we affirm.
The defendant, age 38, and his wife have four children consisting of three daughters who are ages 16, 15, and 13 and a son who is age 12. According to the presentence investigation, the defendant had been having sexual intercourse with both of his two eldest daughters. The defendant also admitted this fact in a letter addressed to the district attorney. However, the indictment charges the defendant with only three counts of incest with his eldest daughter occurring on three separate occasions, once between November 27, 1983 and December 10, 1983, once on May 4, 1984, and once on May 8, 1984. Before accepting the defendant’s guilty plea, the trial court explained to the defendant his constitutional rights, the necessary elements of the offense of incest, and informed the defendant that he could receive a sentence of up to 45 years for the three counts. The maximum sentence for each offense of incest is 15 years at hard labor.
The defendant contends that the sentence imposed is excessive principally on the basis that the court ordered the defendant to serve each 12 year sentence consecutively. The defendant asserts that there was no evidence of any acts of violence towards his daughters or his family and that there is nothing to suggest that each act of intercourse was anything other than *947 consensual. The defendant contends that the court erred in concluding that the defendant’s actions caused or threatened serious harm to others and that the defendant poses a danger to his family and society.
A sentence is unconstitutionally excessive in violation of LSA Const. Art. 1, § 20 where it is grossly out of proportion to the severity of the offense or nothing more than a needless and purposeless imposition of pain and suffering. State v. Bonanno, 384 So.2d 355 (La.1980); State v. Burgess, 475 So.2d 35 (La.App.2d Cir.1985).
Under LSA-C.Cr.P. Art. 883, if the defendant is convicted of two or more offenses based on the same act or transaction, or constituting parts of a common scheme or plan, the terms of imprisonment shall be served concurrently unless the court expressly directs that some or all be served consecutively. The Louisiana Supreme Court has determined that a sentencing judge must adequately justify consecutive sentences for crimes arising out of a single course of conduct. In State v. Sherer, 437 So.2d 276 (La.1983), the court stated:
Because the function of the consecutive sentence should be similar to the sentence imposed on habitual or dangerous offenders, sentences for crimes arising from a single course of conduct should be concurrent rather than consecutive, absent a showing that the offender poses an unusual risk to the safety of the public. See State v. Franks, 373 So.2d 1307 (La.1979); State v. Cox, 369 So.2d 118 (La.1979). Cf. La.C.Cr.P. art. 883....
The principle issue in the present case is whether consecutive sentences were justified.
The trial court fully complied with the sentencing guidelines of LSA-C.Cr.P. Art. 894.1 in articulating its reasons for the sentence imposed. At the sentencing hearing, the trial court reviewed the facts relating to the three counts of incest, the defendant’s lack of a criminal history, and the defendant’s personal and family history. The court further stated:
Mr. Racine, the charges that I have before me are what I consider some of the most serious charges that anyone could conceivably be charged with. And in reviewing the sentence guidelines that I find in Louisiana Code of Criminal Procedure Article 894.1, I do find pursuant to subsection (a) thereof that if I were to give you a suspended sentence or probation there is an undue risk that you might commit another crime quite possibly similar to the one which you have previously plead guilty. I further find and feel very strongly that you are in need of correctional treatment and that a custodial environment would be very necessary to efficiently take care of the type correctional treatment that I consider necessary in your case. Perhaps more importantly than anything else, I find that a lesser sentence other than imprisonment would depreciate the seriousness of your crime. Sexual crimes are probably the most despicable in our society and even becomes more so when you find a situation such as this where you do such things as you are charged as between father and daughter. You brought a child into this world to care for and not to take advantage of. I find that your criminal conduct did indeed threaten serious harm to others. And I find that you must have contemplated your criminal conduct, must have contemplated that it would cause harm either physically or mentally to your daughter. She is going to suffer with the type of stress which she has to suffer with for the rest of her life. I find that there was no provocation whatsoever for your actions. I find that there are no grounds which tend to excuse or justify your conduct. I find that clearly there is no compensation which can ever be calculated to compensate your daughter for the wrong that you have done to her. I don’t honestly think that you would respond affirmatively to anything other than a stiff in-prison sentence. And I don’t honestly feel like that there would be any hard *948 ship on your family or your dependants if this court instituted such a sentence. I tell you at this time that it is the sentence of this court that you be imprisoned at hard labor for a period of twelve (12) years on each count, and that those sentences will run consecutively. At this time you will be remanded to the custody of the Department of Corrections.
The record reflects that the defendant had been having sexual intercourse not only with his 16 year old daughter but also with his 15 year old daughter. The defendant’s conduct caused and threatened serious harm to his daughters. Although the defendant may not have physically forced his daughters to have intercourse with him, defendant’s assertion that the acts were consensual is without merit. Submission by an immature, young child to an authoritative father cannot be deemed consensual. Prior to accepting the defendant’s guilty plea, the trial court informed the defendant that he could possibly be sentenced to a term of imprisonment of 45 years for the three counts of incest. The defendant’s conduct indicates that he presents a threat to his family and the public. Considering the seriousness of the crimes the continuing and habitual offenses committed by the defendant over an extended period of time and the risk to the safety of others posed by him, consecutive sentences are justified. The sentence imposed is not out of proportion to the severity of the offenses nor is it a needless imposition of pain and suffering. Therefore, the defendant’s sentence is affirmed.
AFFIRMED.