WILLIAM A. CULPEPPER, Judge Pro Tem.
Defendant, Robert Chester Matthews, was charged by bill of information with aggravated rape, a violation of La.R.S. 14:42, and incest, a violation of La.R.S. 14:78. After waiving his rights to a jury trial, defendant was tried by a judge on April 23, 1986, who found him guilty as charged of incest and guilty of sexual battery, a violation of La.R.S. 14:43.1, in response to the aggravated rape charge. On November 24, 1986, defendant was sentenced to serve, at hard labor, fifteen years on the incest charge and five years on the sexual battery charge, with the sentences to run concurrently. Defendant appeals, urging four assignments of error.
PACTS
On May 9, 1985, the victim, Christy Matthews, at that time eight years of age, was examined by a pediatrician, Dr. Ahmed Raoul El-Din, who discovered that she had a perforated hymen. He obtained cultures for venereal disease, which showed an overgrowth of yeast and normal flora, but were otherwise negative. He saw her the next day for appendicitis, and, because he was suspicious of gonorrhea, treated her with penicillin on May 13. On May 25, 1985, Dr. El-Din saw the victim for abdominal complaints and retested her for disease. On May 27, 1985, the laboratory verified that the victim had gonorrhea. The doctor reported this information to the child protection division of the health and welfare department.
On June 3,1985, the victim and her family, which included an older sister, her mother, and her father, the defendant, were tested and found negative for gonorrhea. The victim was reexamined by Dr. Nell Ryan on August 14, 1985, to determine whether she had been adequately treated for the disease. On examination, Dr. Ryan determined that the victim’s labia majoria were irritated and red, she was dribbling urine and her vaginal opening was very wide. The doctor also found that the hymenal ring was markedly distended, which indicated that the vagina had definitely been penetrated, apparently chronically (repeatedly). Dr. Ryan concluded that given the evidence of vaginal penetration and sexually transmitted disease, the victim had in all probability been sexually abused.
The child protection agency began its investigation of the Matthews family in 1984, after it received an anonymous complaint that the defendant had been sleeping with his younger daughter. Family service worker Glenda T. Salter testified that she discovered that the defendant had been sharing a bed with the victim, while his wife slept with the older daughter. She also found that defendant habitually *1066 watched his daughters take baths. Several witnesses testified that defendant was a habitual drunkard who rarely worked and failed to support his family.
The victim had a history of chronic vaginal irritation. Her grades and intelligence quotient (IQ) dropped dramatically from kindergarten to the third grade. Ms. Salter reported that the victim’s attitude and school performance improved greatly after she was placed in foster care in August 1985. The victim eventually told her foster mother that it was her father who had molested her.

ASSIGNMENT OF ERROR NUMBER ONE:

By this assignment, defendant contends that no evidence was adduced sufficient to prove the offense of incest, in that the state failed to prove that there was sexual intercourse between defendant and the alleged victim, and that the alleged victim was in any way related to the defendant by blood.
Incest is defined by La.R.S. 14:78 as follows:
“Incest is the marriage to, or sexual intercourse with, any ascendant or descendant, brother or sister, uncle or niece, aunt or nephew, with knowledge of their relationship.”
Defendant never denied that he was related to the victim until he motioned for a new trial. When questioned on the witness stand as to his personal relationship with his daughter, the defendant never objected to the reference to the victim as his descendant. The victim, her mother, her sister, and several other witnesses called at trial referred to the defendant as the victim’s father. No issue as to the victim’s paternity was raised at trial and no objection was ever made to any of the above listed references by defense counsel. This contention is without merit.
12] As to proof that sexual intercourse occurred between the defendant and the victim, sufficient evidence was adduced at trial to indicate that such activity did occur. Dr. Ryan testified that her examination of the victim revealed a pattern of chronic sexual intercourse. The victim’s medical history revealed that she had continual vaginal irritations and a perforated hymen. Glenda Salter testified that the child protection agency was disturbed by the fact that the defendant slept in the same bed as his daughter, and suggested that the Matthews family change the sleeping arrangements.
Dr. El-Din testified that the victim tested positive for gonorrhea, which can only be transmitted through sexual activity. Defendant contends that there is no proof that he gave her the disease, since his test for gonorrhea on June 3, 1985 was negative. What defendant fails to mention, however, is that the victim also tested negative for gonorrhea by June 3.
Defendant relies on the testimony of several witnesses who stated that the victim told them that she had been approached by a man at her apartment complex and a man at the lake. While on the witness stand, the victim testified that the defendant was the only one who had molested her, and that she lied about the other men because the defendant said that she would “get tooken away” if she told the truth.
The question of the credibility of the witnesses is within the sound discretion of the trier of fact, and his factual determinations will not be disturbed on appeal unless clearly contrary to the evidence. State v. Klar, 400 So.2d 610 (La.1981). There was ample direct evidence which indicates that the defendant committed the crime of incest. This assignment lacks merit.

ASSIGNMENTS OF ERROR NUMBERS TWO AND THREE

By these assignments of error, defendant contends that the trial judge failed to state on the record or properly apply the sentencing guidelines set forth in La.C.Cr. P. art. 894.1.
La.C.Cr.P. art. 894.1 provides guidelines the court must use in determining the sentence for a defendant convicted of a felony or misdemeanor. Paragraph (C) of the article requires the court to state for the record the considerations taken into ac *1067 count and the factual basis used in imposing the sentence.
In order to comply with the requirements of article 894.1, the sentencing court need not articulate every aggravating and mitigating circumstance in the article. However, the record must affirmatively reflect that adequate consideration was given to these codal guidelines in particularizing the defendant’s sentence. State v. Smith, 433 So.2d 688 (La.1983). The requirements of article 894.1 are fulfilled when the record affirmatively shows the trial court considered the statutory guidelines. State v. McDermitt, 406 So.2d 195 (La. 1981); State v. Rainwater, 448 So.2d 1387 (La.App. 3 Cir.1984).
In his oral reasons for sentencing, the trial court specifically addressed each of the mitigating factors listed in article 894.1, and discussed its applicability to the defendant’s case. He noted that, although the defendant was a first-felony offender, a lesser sentence would deprecate the seriousness of the offense. In conclusion, the trial judge stated that the aggravating factors outweighed the mitigating factors in this case, and imposed sentence accordingly.
The record reflects that the trial judge clearly complied with the guidelines of Article 894.1 and addressed the factual basis used in sentencing the defendant. These assignments are without merit.

ASSIGNMENT OF ERROR NUMBER FOUR:

By the final assignment, defendant asserts that the trial judge erred in imposing an excessive sentence. The defendant was given the maximum sentence of fifteen years at hard labor on the incest charge, and five years at hard labor, out of a maximum of ten years, on the sexual battery charge, with the sentences to run concurrently.
A sentence imposed, although within the statutory limit, may still violate the defendant's constitutional right against excessive punishment and the excessiveness of the punishment is reviewable by the appellate courts. State v. Sepulvado, 367 So.2d 762 (La.1979). To constitute an excessive sentence, the penalty imposed must be so grossly disproportionate to the crime in light of the harm caused to society as to shock our sense of justice, or it must be the needless imposition of pain and suffering. State v. Nealy, 450 So.2d 634 (La.1984); State v. Terracina, 430 So.2d 64 (La.1983). The trial judge is given wide discretion in the imposition of sentences and sentences within the statutory limits should not be set aside as excessive in the absence of manifest abuse of his discretion. State v. Nealy, supra. The maximum sentence for a crime is reserved for the offender who has committed the most egregious violation. State v. Helsley, 457 So.2d 707 (La.App. 2 Cir.1984).
In this case, the trial judge was convinced that defendant engaged in the criminal conduct at issue on more than one occasion, and stated that nothing in the record indicated that defendant would not commit this sort of offense again.
The repeated acts of intercourse with his own daughter, a child only eight years of age, constituted a heinous offense. We find that the sentences imposed by the trial judge were not excessive in this case. This assignment is without merit.
For the foregoing reasons, the conviction and sentences of the trial court are affirmed.
AFFIRMED.