661 So.2d 600 (1995)
STATE of Louisiana, Appellee,
v.
Buster David EVANS, Appellant.
No. 27183-KA.
Court of Appeal of Louisiana, Second Circuit.
September 27, 1995.
*601 Donnie L. Ellerman, Winnsboro, Carey J. Ellis, III, Rayville, for appellant.
Johnny R. Boothe, Winnsboro, for appellee.
Before MARVIN and WILLIAMS, JJ., and PRICE J. Pro Tem.
PRICE, Judge Pro Tempore.
Defendant pled guilty pursuant to a plea bargain which secured the dismissal of 7 of 10 counts of incest, LSA-R.S. 14:78. The trial court imposed three consecutive, maximum sentences of 15 years at hard labor and denied a timely motion to reconsider. Defendant urges the sentence is excessive. We affirm.
The matters of record show that the victim, defendant's natural daughter, was born in May 1980. In July 1993, she alleged he had been having sexual intercourse with her every four to six weeks from June 1992 until the end of June 1993. A medical examination confirmed the child had been sexually active. The victim's sister said she saw defendant having sex with the victim. Defendant made a confession in which he admitted having sex with the child at least 10 times between the dates alleged.
Defendant contends the trial court failed to consider mitigating factors and imposed an excessive sentence. Defendant argues in brief that the court erred in considering an essential element of the offensethe age of the victimas an aggravating circumstance. He also argues the court erred in considering as an aggravating circumstance that the victim suffered significant permanent injury.
We note that, when given the opportunity to make a statement at the sentencing, neither defendant nor his counsel made any mention of mitigating factors. Further, we note that defendant did not urge, in his motion for reconsideration, that the trial court erred in considering the victim's agewhich is not an element of the offense of incestor the nature of her psychological injury as aggravating circumstances. The failure to raise these grounds in a motion to reconsider precludes defendant from urging them on appeal or review. LSA-C.Cr.P. Art. 881.1; State v. Bush, 604 So.2d 1383 (La.App.2d Cir.1992); State v. Bryant, 607 So.2d 11 (La. App.2d Cir.1992).
Under State v. Smith, 93-0402 (La. 07/05/94), 639 So.2d 237, a trial judge, having properly considered the guidelines, has complete discretion to reject the guidelines and impose any sentence which is not constitutionally excessive, provided the trial court states for the record the considerations taken into account and the factual basis for the imposition of sentence. When the trial judge has considered the guidelines and imposed a sentence, adequately stating for the record the considerations taken into account and the factual basis for imposition of that sentence, the reviewing court is limited to the question of constitutional excessiveness, without regard to whether the trial judge employed or deviated from the guidelines.[1]State v. Smith, supra; State v. Tuttle, 26,307 (La. App.2d Cir. 09/21/94), 643 So.2d 304; State v. Farley, 26,377 (La.App.2d Cir. 09/21/94), 643 So.2d 300; State v. Walters, 26,647 (La. App.2d Cir. 12/07/94), 648 So.2d 7.
*602 The trial judge reviewed a PSI report and a guidelines report. The guidelines report incorrectly placed defendant in grid cell 5-E. This was based on the seriousness ranking of the offense of conviction and the fact that defendant had four misdemeanor convictions for a total of one point. The probation agent failed to note the rule of Section 205C3e of the guidelines which states that points added to an offender's criminal history index score for misdemeanor convictions shall not increase the offender's criminal history index more than one level. Thus, the correct grid cell is 5-F. This error is of no consequence, in light of the trial court's decision to depart from the recommendation of the guidelines.
The trial court found no mitigating factors and observed that defendant's offense was a very serious crime. The court also noted the benefit defendant obtained from his plea bargain. Information in the PSI report indicated defendant had begun improper touching and other acts with the victim when she was 10 years old. The offenses, both charged and uncharged, had occurred over a lengthy period of time. Accordingly, the court determined defendant was the worst type of offender for whom the most severe penalty is reserved.
The record shows the trial court properly considered the guidelines and adequately stated for the record the considerations taken into account and the factual basis for the imposition of sentence. Therefore, since defendant timely moved for reconsideration on the ground the sentence was excessive, we examine the sentence for constitutional excessiveness.
Whether the sentence imposed is too severe depends on the circumstances of the case and the background of the defendant. A sentence violates LSA-Const. Art. 1, § 20 (1974) if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Dorthey, 623 So.2d 1276 (La.1993); State v. Bonanno, 384 So.2d 355 (La.1980). A sentence is considered grossly disproportionate when the crime and punishment, considered in light of the harm done to society, shocks the sense of justice. State v. Hogan, 480 So.2d 288 (La. 1985); State v. Thompson, 25,583 (La.App.2d Cir. 01/19/94), 631 So.2d 555. A trial court has wide discretion to sentence within the statutory limits. Absent a showing of manifest abuse of discretion, we do not set aside a sentence as excessive. State v. Square, 433 So.2d 104 (La.1983); State v. Madison, 535 So.2d 1024 (La.App.2d Cir.1988); State v. Thompson, 25,583 (La.App.2d Cir. 01/19/94), 631 So.2d 555.
Concurrent sentences arising out of a single course of conduct are not mandatory, State v. Pickett, 628 So.2d 1333 (La.App.2d Cir.1993); State v. Nelson, 467 So.2d 1159 (La.App.2d Cir.1985), and consecutive sentences under those circumstances are not necessarily excessive. State v. Ortego, 382 So.2d 921 (La.), cert. denied, 449 U.S. 848, 101 S.Ct. 135, 66 L.Ed.2d 58 (1980); State v. Williams, 445 So.2d 1171 (La.1984); State v. Mills, 505 So.2d 933 (La.App.2d Cir.), writ denied, 508 So.2d 65 (1987).
In State v. White, 552 So.2d 553 (La. App.2d Cir.1989), the defendant engaged in aggravated rape and aggravated crime against nature with his 11-year-old niece over a 19-month period of time. This court found no abuse of discretion in imposing consecutive, maximum sentences. There, as here, the defendant's conduct threatened serious emotional harm to the victim; she was undergoing counseling; and the misconduct occurred over a lengthy period of time in which the defendant had time to reflect on his actions.
In State v. Racine, 480 So.2d 945 (La. App.2d Cir.1985), the defendant pled guilty to three counts of incest with his 16-year-old daughter. This court affirmed three consecutive 12-year sentences. The defendant there, as here, had no felony criminal history. The trial court noted that sexual crimes of this naturebetween father and daughterare the most despicable in our society. There too, the acts occurred over a period of time which was held to justify the imposition of consecutive sentences. The victim here was much younger than in Racine.
And see State v. Childs, 466 So.2d 1363 (La.App. 3d Cir.1985), which held that the *603 rape of one's underage daughter is among the most serious violations of the crime of forcible rape and, based solely on the nature of the offense, a maximum sentence can be imposed.
Under the totality of the circumstances, we hold that the sentence is not out of proportion to the severity of the offense, nor is it a needless imposition of pain and suffering.
We have examined the record for error patent and noted none.
The conviction and sentence are AFFIRMED.
NOTES
[1] The Louisiana Sentencing Guidelines were repealed by Acts 1995, No. 942, which became effective August 15, 1995. However, the Guidelines were in effect and applicable at the time this defendant was sentenced.