I WILLIAMS, J.
The defendant, Richard Works, pled guilty as charged to one count of molestation of a juvenile, a violation of LSA-R.S. 14:81.2(C), punishable by imprisonment at hard labor for not less than one nor more than fifteen years plus an optional fine not to exceed $10,000. The court imposed a sentence of ten years at hard labor with credit for time served and denied a timely motion for reconsideration. The defendant appeals, challenging his sentence as excessive. We affirm.
The matters of record show that on September 12, 2003, the defendant, age 33, picked up the victim, a seven-year-old girl who also is his second cousin, from school with her parents’ permission. After several hours, the child’s mother went to defendant’s West Monroe apartment to see if the child was there. The child was found in defendant’s apartment, wearing only a towel. The defendant said he had washed her hair. Further investigation disclosed, and the defendant admitted, that he had fondled the victim’s private parts on multiple occasions when he had been taking care of her at his residence.
The test imposed by the reviewing court in determining the excessiveness of a sentence is two-pronged. First, the record must show that the trial court took cognizance of the criteria set forth in LSA-C. Cr. P. art. 894.1. The trial judge is not required to list every aggravating or mitigating circumstance so long as the record reflects that he adequately considered the guidelines of the article. State v. Smith, 433 So.2d 688 (La.1983); State v. Dunn, 30,767 (La.App.2d Cir.6/24/98), 715 So.2d 641. Here, the defendant does not challenge the adequacy of the court’s | .¿articulation of reasons for sentence as provided in Article 894.1. The record clearly shows an adequate consideration of the guidelines of the article.
Whether a sentence imposed is too severe depends on the circumstances of the case and the background of the defendant. A sentence violates La. Const. art. 1, § 20, if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Dorthey, 623 So.2d 1276 (La.1993); State v. Bonanno, 384 So.2d 355 (La.1980). A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. State v. Hogan, 480 So.2d 288 (La.1985); *810 State v. Bradford, 29,519 (La.App.2d Cir.4/2/97), 691 So.2d 864.
A trial court has broad discretion to sentence within the statutory limits. Absent a showing of manifest abuse of that discretion, we may not set aside a sentence as excessive. State v. Guzman, 99-1528, 99-1753 (La.5/16/00), 769 So.2d 1158; State v. June, 38,440 (La.App.2d Cir.5/12/04), 873 So.2d 939.
Prior to imposing sentence, the district court considered a presentence investigation report (“PSI”) and noted that the defendant was a first felony offender with no juvenile record. He had misdemeanor convictions for theft, resisting arrest, interfering with an officer and trespass. The court considered the facts of the case and concluded that the defendant, age 33 at the time of the offense, was not acting out of youthful curiosity. Rather, the facts of the case and defendant’s admission, showed that he had committed |3the offense on many occasions. The victim’s age was an aggravating factor, as was her loss of innocence. In mitigation, the court considered defendant’s confession and his cooperation with the authorities. Defendant was single and had no children. There was no report of prior pedophile behavior. The court determined that a lesser sentence would deprecate the seriousness of defendant’s conduct which the court considered to be “reprehensible.”
On this record, we do not find constitutional error. The sentence is lawful and is less than the maximum sentence which could have been imposed. The court did not impose any fine. Although the defendant admitted that he had committed this offense on many occasions, which could have resulted in consecutive sentences, the state showed lenience by charging him with only one offense. Defendant took advantage of his status as an “uncle” to sexually abuse an immature child who was entrusted to his care and safekeeping. Under the circumstances of this case, the sentence is neither grossly disproportionate to the severity of the offense of conviction nor does it shock our sense of justice.
There is no showing of an abuse of the district court’s discretion in the imposition of defendant’s sentence. The sentence is not constitutionally excessive.
Consequently, the conviction and sentence are affirmed.
AFFIRMED.