GASKINS, J.
11 The defendant, James Daniel Ferguson, appeals his maximum sentence of 20 years at hard labor and a fine of $10,000 following his plea of guilty to one count of molestation of a juvenile. For the following reasons, we affirm the conviction and sentence.
FACTS
On July 25, 2007, the 31-year-old defendant molested K.S., the 15-year-old daughter of his girlfriend.[1] The defendant placed his hand or fingers in the vaginal area of the victim and used his hand in such a manner as to arouse or gratify the sexual desires of himself or the victim. This act was witnessed by a friend of the victim who was approximately her same age. The defendant was charged by bill of information with one count of molestation of a juvenile, a violation of La. R.S. 14:81.2.
On March 24, 2008, the defendant entered a plea of guilty as charged to one count of molestation of a juvenile, with the understanding that he would be sentenced under the provisions of La. R.S. 14:81.2(0 which provides that whoever commits the crime of molestation of a juvenile, when the victim is 13 years of age or older, but *317 has not yet attained the age of 17, and when the offender has control or supervision over the juvenile, shall be fined not more than $10,000, or imprisoned, with or without hard labor, for not less than five nor more than 20 years, or both. In exchange for the guilty plea, the state agreed to dismiss other charges pending against the defendant.
|2These offenses came to light after K.S. made a written statement during a therapy session. Thereafter, a physical examination of the victim by medical personnel showed that intercourse had occurred. The victim’s vaginal washings and bedspread were submitted to the Crime Lab and revealed the presence of the defendant’s sperm.
The defendant appeared before the court for sentencing on June 17, 2008. The court imposed the maximum sentence upon the defendant, 20 years at hard labor with a $10,000 fine and credit for time served.
On June 23, 2008, the defendant filed a motion to reconsider the sentence on the basis that the sentence was constitutionally excessive and alleging that the trial court failed to properly consider various mitigating factors. The motion was denied. The defendant appealed.
EXCESSIVE SENTENCE
The defendant urges that the sentence imposed is cruel, unusual and excessive, in violation of the constitutions of the United States and Louisiana. The defendant argues that the trial court failed to properly consider the mitigating factors set forth in La. C. Cr. P. art. 894.1 in imposing sentence. He also claims that the trial court failed to articulate sufficient justification for the imposition of the maximum sentence of 20 years at hard labor for this first felony offender. These arguments are without merit.
Legal Principles
The test imposed by the reviewing court in determining the excessiveness of a sentence is two-pronged. First, the record must show |sthat the trial court took cognizance of the criteria set forth in La. C. Cr. P. art. 894.1. The trial judge is not required to list every aggravating or mitigating circumstance so long as the record reflects that he adequately considered the guidelines of the article. State v. Smith, 433 So.2d 688 (La.1983); State v. Lathan, 41,855 (La.App.2d Cir.2/28/07), 953 So.2d 890, writ denied, 2007-0805 (La.3/28/08), 978 So.2d 297. The important elements which should be considered are the defendant’s personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of offense and the likelihood of rehabilitation. State v. Jones, 398 So.2d 1049 (La.1981); State v. Ates, 43,327 (La. App.2d Cir.8/13/08), 989 So.2d 259. There is no requirement that specific matters be given any particular weight at sentencing. State v. Shumaker, 41,547 (La.App.2d Cir.12/13/06), 945 So.2d 277, writ denied, 2007-0144 (La.9/28/07), 964 So.2d 351.
Second, a sentence violates La. Const, art. 1, § 20 if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Smith, 2001-2574 (La.1/14/03), 839 So.2d 1. A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. State v. Weaver, 2001-0467 (La.1/15/02), 805 So.2d 166; State v. Lobato, 603 So.2d 739 (La. 1992); State v. Bradford, 29,519 (La. App.2d Cir.4/2/97), 691 So.2d 864.
|/The trial judge is afforded wide discretion in determining a sentence, and *318 the court of appeal will not set aside a sentence for excessiveness if the record supports the sentence imposed. State v. Shaw, 37,168 (La.App.2d Cir.6/25/03), 850 So.2d 868. A sentence within statutory limits will not be set aside as excessive absent manifest abuse of discretion. State v. Square, 433 So.2d 104 (La.1983); State v. Wilson, 38,219 (La.App.2d Cir.3/5/04), 867 So.2d 988. Where a defendant has pled guilty to an offense which does not adequately describe his conduct or has received a significant reduction in sentencing exposure through a plea bargain, the trial court has great discretion to impose even the maximum sentence possible for the pled offense. State v. Black, 28,100 (La. App.2d Cir.2/28/96), 669 So.2d 667, writ denied, 96-0836 (La.9/20/96), 679 So.2d 430.
As a general rule, however, maximum or near maximum sentences are reserved for the worst offenders and the worst offenses. State v. Cozzetto, 2007-2031 (La.2/15/08), 974 So.2d 665; State v. McKinney, 43,061 (La.App.2d Cir.2/13/08), 976 So.2d 802; State v. Woods, 41,420 (La. App.2d Cir.11/1/06), 942 So,2d 658, writ denied, 2006-2768 (La.6/22/07), 959 So.2d 494, and writ denied, 2006-2781 (La.6/22/07), 959 So.2d 494; State v. Grissom, 29,718 (La.App.2d Cir.8/20/97), 700 So.2d 541.
The Louisiana Supreme Court has outlined several factors which are useful in determining whether a sentence, by its excessive length or severity, is grossly out of proportion to the underlying crime. The analysis is cumulative and considers the nature of the offense and the offender, a | ^comparison of the punishment with sentences imposed for similar crimes, and the legislative purpose behind the punishment. State v. Telsee, 425 So.2d 1251 (La.1983); State v. Smith, 1999-0606 (La.7/6/00), 766 So.2d 501.
Discussion
At the sentencing hearing, the state offered victim impact statements from the victim and her parents. The mother stated that the defendant betrayed her trust in him and her daughter’s trust by “molesting her and raping her and drugging her.” The victim’s father said that the defendant “utilized his position as a trusted, parental figure in my daughter’s home” and that because of the defendant, the victim would now battle trust and self-esteem issues for the rest of her life. He said that the offense had also affected the victim’s younger brother with whom the defendant had shared a position of trust.
After reviewing a presentence investigation (PSI) report, the trial court noted that the defendant was a first felony offender whose criminal history consisted mostly of traffic violations. The court said that “the victim was placed in a situation which was not of her doing where she was under-under the authority of the defendant in this case and the offender used his position and status in the household to facilitate in the commission of the crime.” According to the court, there was an undue risk that during a suspended sentence or probation, the defendant would commit another crime. The court found that the defendant was in need of correctional treatment in a custodial environment and that a lesser sentence would | ^deprecate the seriousness of the offense. The sentencing court stated that the defendant knew or should have known that the victim was particularly vulnerable or incapable of resisting due to extreme youth. The court determined that the offense resulted in and will result in significant permanent injury and significant economic loss to the victim because “these people never fully recover.”
The trial court adequately articulated the reasons for the sentence imposed. Further, we find that the sentence is not *319 excessive. The defendant took advantage of his supervisory role over the victim in committing this offense. The defendant pled guilty to the molestation charge, but the evidence also indicated that other charges were dismissed, which involved sexual intercourse. In both instances, the victim was impaired.
We also find that the trial court did not err in imposing the maximum fine. The court noted that victims of this type of crime suffer a significant economic loss as a result of the psychological injury inflicted. The defendant raises the argument that he was indigent and was represented by the public defender. Therefore, he claims that the trial court erred in imposing a fine. The trial court did not impose jail time in default of the payment of the fine. Therefore, the defendant has no argument that the trial court improperly imposed a fine upon an indigent defendant. See and compare State v. Tillman, 43,569 (La.App.2d Cir.10/28/08), 997 So.2d 144; State v. Robbins, 43,129 (La.App.2d Cir.3/19/08), 979 So.2d 630.
|7BIAS OF THE TRIAL COURT
The defendant argues that the trial court was biased, violating the defendant’s constitutional right to fair proceedings and an individualized sentence. Prior to sentencing, the trial court made the following statement:
The court is — I’m intimately aware of the consequences of sexual molestation. I have a very close member of my family that was a victim and I know all about the effect of all that.
According to the defendant, the trial court was unduly influenced by the self-professed familial experience with the crime of molestation. The defendant contends that these circumstances denied him the fair and impartial proceedings mandated by the constitutional requirements of due process.
Legal Principles
La. C. Cr. P. art. 671 provides in pertinent part:
A. In a criminal case a judge of any court, trial or appellate, shall be recused when he:
(1) Is biased, prejudiced, or personally interested in the cause to such an extent that he would be unable to conduct a fair and impartial trial;
[[Image here]]
Discussion
Generally, a party desiring to re-cuse a trial judge is required to file a written motion therefor assigning the ground for the recusal. The motion is to be filed prior to the commencement of trial unless the party discovers the facts constituting the grounds for recusation thereafter, in which event it shall be filed immediately after the facts are discovered, but prior to the | sverdict or judgment. La. C. Cr. P. Art. 674. In this case, the statement complained of by the defendant was made immediately prior to sentencing.
The proposition that, because a member of the judge’s family was the victim of a certain crime, the judge could never impartially preside over any proceedings involving the commission of the same crime contradicts the presumption of a trial judge’s impartiality recognized by the jurisprudence. The defendant’s conclusory allegations in this regard are insufficient to constitute grounds of a substantial nature entitling him to recusal or to render the sentence imposed in violation of his constitutional right to due process.
Based upon the record before us, we do not find that the trial judge’s comments exhibited bias or prejudice against the defendant. See and compare State v. White, *320 42,725 (La.App.2d Cir.10/24/07), 968 So.2d 901; State v. Gatti, 39,833 (La.App.2d Cir.10/13/05), 914 So.2d 74, writ denied, 2005-2394 (La.4/17/06), 926 So.2d 511; State v. Kendrick, 96-1636 (La.App. 3d Cir.6/25/97), 699 So.2d 424, writ denied, 1998-2159 (La.12/18/98), 731 So.2d 280; State v. Galliano, 05-962 (La.App. 5th Cir.8/29/06), 945 So.2d 701, writ denied, 2006-2367 (La.4/27/07), 955 So.2d 682.
CONCLUSION
For the reasons stated above, we affirm the conviction and sentence of the defendant, James Daniel Ferguson.
AFFIRMED.

. The initials of the victim are used in accordance with La. R.S. 46:1844(W).