# STATE OF LOUISIANA

## COURT OF APPEAL, THIRD CIRCUIT

### 10-648

**STATE OF LOUISIANA**

**VERSUS**

**A.B.M., JR.**

**\*\*\*\*\*\*\*\*\*\***

**APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 294,309
HONORABLE THOMAS M. YEAGER, DISTRICT JUDGE**

**\*\*\*\*\*\*\*\*\*\***

**JAMES T. GENOVESE
JUDGE**

**\*\*\*\*\*\*\*\*\*\***

Court composed of Jimmie C. Peters, James T. Genovese, and David E. Chatelain,\* Judges.

**AFFIRMED.**

**W. Jarred Franklin
Louisiana Appellate Project
3001 Old Minden Road
Bossier City, Louisiana 71112
(318) 746-7467
COUNSEL FOR DEFENDANT/APPELLANT:**
    **A.B.M., Jr.**

**James C. "Jam" Downs
District Attorney – Ninth Judicial District
Michael W. Shannon – Assistant District Attorney
Post Office Drawer 1472
Alexandria, Louisiana 71309
(318) 473-6650
COUNSEL FOR APPELLEE:**
    **State of Louisiana**

---

\*Honorable David E. Chatelain participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.

**GENOVESE, Judge.**

In this criminal case, Defendant, after having been convicted by a jury of molestation of a juvenile and incest, appeals, alleging insufficiency of the evidence to support his molestation conviction and excessive sentences. For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

On October 27, 2008, A.B.M, Jr.,[1] was charged by bill of information with molestation of a juvenile, a violation of La.R.S. 14:81.2(A) & (C), and with incest, a violation of La.R.S. 14:78(A) & (D)(1). On the State's motion, the bill was amended on December 8, 2009, changing only the date of the offense.

The State alleged that Defendant had molested his eleven-year-old daughter, K.M. The State further alleged that Defendant also had sexual intercourse with his daughter, C.C., in November of 2007, resulting in a pregnancy and the birth of a child on August 18, 2008.

Following a jury trial on December 9, 2009, Defendant was found guilty as charged. On December 18, 2009, Defendant was sentenced to serve fifteen years at hard labor for each conviction, and the sentences were ordered to run consecutively. Defendant did not file a motion to reconsider sentence.

## ERRORS PATENT

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the face of the record. After reviewing the record, we find that there are no errors patent.

---

[1]Initials are used herein pursuant to La.R.S. 46:1844(W).

## ASSIGNMENTS OF ERROR

Defendant alleges that "[t]here is insufficient evidence to prove the guilt of Defendant for the offense of molestation of a juvenile beyond a reasonable doubt[,]" and that "[t]he sentences imposed are excessive for this offender and these offenses."

## Assignment of Error No. 1

In this assignment of error, Defendant argues there is insufficient evidence to prove his guilt for molestation of a juvenile beyond a reasonable doubt. The analysis for a claim of insufficient evidence is well settled:

> When the issue of sufficiency of evidence is raised on appeal, the critical inquiry of the reviewing court is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560, *rehearing denied*, 444 U.S. 890, 100 S.Ct. 195, 62 L.Ed.2d 126 (1979); *State ex rel. Graffagnino v. King*, 436 So.2d 559 (La.1983); *State v. Duncan*, 420 So.2d 1105 (La.1982); *State v. Moody*, 393 So.2d 1212 (La.1981). It is the role of the fact finder to weigh the respective credibility of the witnesses, and therefore, the appellate court should not second guess the credibility determinations of the triers of fact beyond the sufficiency evaluations under the *Jackson* standard of review. *See State ex rel. Graffagnino*, 436 So.2d 559 (*citing State v. Richardson*, 425 So.2d 1228 (La.1983)). In order for this Court to affirm a conviction, however, the record must reflect that the state has satisfied its burden of proving the elements of the crime beyond a reasonable doubt.

*State v. Kennerson*, 96-1518, p. 5 (La.App. 3 Cir. 5/7/97), 695 So.2d 1367, 1371.

Molestation of a juvenile is defined in La.R.S. 14:81.2(A), which states:

> Molestation of a juvenile is the commission by anyone over the age of seventeen of any lewd or lascivious act upon the person or in the presence of any child under the age of seventeen, where there is an age difference of greater than two years between the two persons, with the intention of arousing or gratifying the sexual desires of either person, by the use of force, violence, duress, menace, psychological intimidation, threat of great bodily harm, or by the use of influence by virtue of a position of control or supervision over the juvenile. Lack of knowledge of the juvenile's age shall not be a defense.

2

Defendant complains that the only evidence of the alleged offense was the victim's testimony. Defendant maintains that the victim's allegation is not credible because she did not tell her mother until five days later and because her testimony is refuted by a lack of corroborating physical evidence.

In the alternative, should this court conclude that Defendant did commit the offense as claimed by the victim, Defendant asserts that the State failed to prove every element of the offense, specifically that he used force, duress, intimidation, or threats of bodily harm to facilitate the act, or that he used influence by virtue of a position of control or supervision of the juvenile victim. Defendant maintains there was no evidence presented by the State to show he was in a position of control or supervision of the victim.

***Lewd or Lascivious Act***

As noted in *State v. Rollins*, 581 So.2d 379, 382 (La.App. 4 Cir. 1991), "A lewd or lascivious act is one which tends to excite lust and to deprave the morals with respect to sexual relations and which is obscene, indecent, and related to sexual impurity or incontinence carried on in a wanton manner. *State v. Holstead*, 354 So.2d 493 (La.1977); *State v. Prejean*, 216 La. 1072, 45 So.2d 627 (1950)." *See also State v. Cloud*, 06-877 (La.App. 3 Cir. 12/13/06), 946 So.2d 265, *writ denied*, 07-86 (La. 9/21/07), 964 So.2d 331. This court in *State v. Shirah*, 97-384 (La.App. 3 Cir. 10/8/97), 702 So.2d 825, found that the acts alleged by the children, the victims therein, including the defendant's touching of their genitals, forcing them to touch his penis, masturbating in front of and attempting vaginal intercourse with one of the children, clearly constituted lewd or lascivious acts committed with the intention of arousing or gratifying the sexual desires of either person. *See also*

3

*State v. Hillman*, 613 So.2d 1053 (La.App. 3 Cir.), *writ denied*, 617 So.2d 1181 (La.1993).

In the instant case, the victim, K.M., who was fourteen years old at the time of trial, testified that during the summer of 2008, she was living with her mother and stepfather. During that time, her stepfather became ill, so she went to stay at Defendant's house. During her stay, Defendant asked his other daughter, who was living with him at the time, the victim's older half sister, C.C., to get on top of him and show the victim "how it's done." Defendant was not wearing clothes at the time. According to the victim, C.C. did not comply because she was nine months pregnant.

The following night, the victim was in her room when she heard Defendant holler for her. The victim went to Defendant's room to see what he wanted. At that time, Defendant began removing the victim's clothes, and she told him to quit. Defendant, however, did not stop and removed some of her clothing. He then touched her breasts and stomach with his mouth. Although the victim continued to tell him to stop, Defendant did not stop. Defendant told the victim to touch his penis, but the victim refused. Defendant then proceeded to get on top of the victim and tried to insert his penis into her vagina. At some point, the victim managed to get away and ran to her room where she latched the door shut.

The victim did not tell anyone about the incident for one or two days. The victim was not asked, nor did she state, whom she first told of the offense. About three days later, the victim spoke to her mother but did not say anything to her at that time about what happened. About five days later, the victim called her mother to come get her. Her mother then took her to speak with someone at the Child Advocacy Center.

4

C.C. also testified at trial about the time the victim came to stay with Defendant in July of 2008. C.C. stated that at that time she was living with her father, Defendant, and was eight to nine months pregnant with his child.[2] She recalled that Defendant asked her to show the victim how to have sex. She did not comply, however, with his request. According to C.C., the victim started acting unusual the next day, and, two to three days after that, she went home.

Defendant's statement was taken by the police on July 30, 2008. When Defendant was asked if he had forced himself on his daughter, the victim, he stated that he had never been left alone with her. Defendant denied removing the victim's clothes and being around her while wearing no clothes. Defendant maintained that the victim made up the allegations, that they were not true, and that he had never behaved inappropriately with the victim.

Considering the facts adduced at trial, Defendant's actions with the victim meet the requirements of committing lewd or lascivious acts with the intent to arouse or gratify his sexual desires. Although Defendant denied the victim's allegations, the jury chose to believe the victim's testimony. In *State v. Roca*, 03-1076, pp. 11-12 (La.App. 5 Cir. 1/13/04), 866 So.2d 867, 874, *writ denied*, 04-583 (La. 7/2/04), 877 So.2d 143 (citations omitted), the court stated:

> In the absence of internal contradiction or irreconcilable conflict with physical evidence, one witness's testimony, if believed by the trier of fact, is sufficient support for a requisite factual finding. In the case of sexual offenses, the testimony of the victim alone can be sufficient to establish the elements of a sexual offense, even where the State does not introduce medical, scientific or physical evidence to prove the commission of the offense.

*See also State v. Rideaux*, 05-446 (La.App. 3 Cir. 11/2/05), 916 So.2d 488.

---

[2]DNA evidence admitted at trial indicates that the relative probability that Defendant is the biological father of C.C.'s child is .9999.

5

Without there being internal contradiction or irreconcilable conflict with physical evidence, we find K.M.'s testimony alone is sufficient to establish the elements of molestation of a juvenile. Further, the veracity of K.M.'s testimony was supported by the testimony of C.C. regarding Defendant's behavior toward K.M. the night before the offense, in addition to the fact that Defendant impregnated C.C., who is also his biological daughter.

***Position of Control or Supervision***

We note that the bill of information specifically alleges that Defendant molested the victim, J.M., by the use of influence by virtue of a position of control or supervision over the victim. Defendant maintains, however, that there was no evidence presented by the State to show he was in a position of control or supervision of the victim. As such, Defendant asserts that the State failed to prove every element of the offense.

As noted in *State v. Onstead*, 03-1413, p. 8 (La.App. 5 Cir. 5/26/04), 875 So.2d 908, 913 (footnote omitted), "[a]lthough the usual scenario may be that the offender is related to the victim or lives in the home, the statute does not mandate these circumstances." As an example of such a circumstance, the *Onstead* court referenced this court's opinion in *State v. Davis*, 97-331 (La.App. 3 Cir. 10/29/97), 702 So.2d 1014, *writ denied*, 97-2990 (La. 11/6/98), 726 So.2d 919. In *Davis*, the thirteen-year-old victim was visiting defendant's camp, along with her mother and two brothers. After their arrival at the camp, the victim's mother and defendant's wife went to the camp to cook, and defendant, along with the victim, the victim's brothers, and his daughter, went to the creek to go fishing. Thereafter, the victim's brothers and defendant's daughter left the area either to play, to visit with other teenagers, or to

6

fish, leaving the defendant alone with the victim. While alone with the victim, defendant molested the victim.

In *Onstead*, 875 So.2d 908, the defendant was the victim's neighbor and lived alone. The defendant testified that he asked the victim's mother for permission to have her children at his home. Also, he had rules for the children to follow at his home, and he performed caretaking functions for the victim while she was at his home. With her mother's permission, defendant took the victim on errands, picked her up from school, brought her to gymnastics, and bought her toys, clothes, and other gifts. Additionally, defendant compelled the victim's silence by telling her that she would not be allowed to come to his house anymore if she revealed that he had made her touch him. On appeal, the appellate court concluded that the evidence was sufficient to prove defendant used influence by virtue of a position of control or supervision to take advantage of the victim and to indulge himself.

In the instant case, R.W., the victim's mother, testified that the victim was born of her marriage to Defendant and that Defendant is the victim's biological father. R.W. and Defendant were married for about three and one-half years and divorced when the victim was about six months old. R.W. remarried. In July of 2008, her husband had a heart attack. At this same time, her youngest child had a severe kidney infection. Both her husband and the child were hospitalized, so she asked Defendant if their daughter, the victim, could stay with him. The victim stayed with Defendant for a number of days before contacting her mother about the alleged abuse.

Considering these facts, the record indicates that Defendant had control or supervision over the victim, his biological daughter. Although she did not live with him, Defendant was asked to care for the victim and, thus, had permission to be near

7

her and to perform caretaking functions. Also, there is no evidence that another adult was present, only her half sister; and, thus, Defendant was required to supervise and care for the victim. Accordingly, we find this assignment of error to be without merit.

**Assignment of Error No. 2**

By this assignment of error, Defendant argues that his sentences are excessive. Defendant did not file a motion to reconsider his sentences; therefore, his excessiveness claim is barred by La.Code Crim.P. art. 881.1. However, in the interest of justice, we choose to review this assignment of error as a bare claim of excessiveness. *State v. Hargrave*, 05-1027 (La.App. 3 Cir. 3/1/06), 926 So.2d 41, *writ denied*, 06-1233 (La. 11/22/06), 942 So.2d 552.

This court has set forth the following standard to be used in reviewing excessive sentence claims:

> La. Const. art. I, § 20 guarantees that, "[n]o law shall subject any person to cruel or unusual punishment." To constitute an excessive sentence, the reviewing court must find the penalty so grossly disproportionate to the severity of the crime as to shock our sense of justice or that the sentence makes no measurable contribution to acceptable penal goals and is, therefore, nothing more than a needless imposition of pain and suffering. The trial court has wide discretion in the imposition of sentence within the statutory limits and such sentence shall not be set aside as excessive absent a manifest abuse of discretion. The relevant question is whether the trial court abused its broad sentencing discretion, not whether another sentence might have been more appropriate.

*State v. Barling*, 00-1241, 00-1591, p. 12 (La.App. 3 Cir. 1/31/01), 779 So.2d 1035, 1042, *writ denied*, 01-838 (La. 2/1/02), 808 So.2d 331 (citations omitted).

To decide whether a sentence shocks the sense of justice or makes no meaningful contribution to acceptable penal goals, this court has held:

> [A]n appellate court may consider several factors including the nature of the offense, the circumstances of the offender, the legislative purpose behind the punishment and a comparison of the sentences imposed for

similar crimes. While a comparison of sentences imposed for similar crimes may provide some insight, "it is well settled that sentences must be individualized to the particular offender and to the particular offense committed." Additionally, it is within the purview of the trial court to particularize the sentence because the trial judge "remains in the best position to assess the aggravating and mitigating circumstances presented by each case."

*State v. Smith*, 02-719, p. 4 (La.App. 3 Cir. 2/12/03), 846 So.2d 786, 789, *writ denied*, 03-562 (La. 5/30/03), 845 So.2d 1061 (citations omitted).

At the time of the offenses, the penalty for molestation of a juvenile pursuant to La.R.S. 14:81.2(C) was one to twenty years imprisonment, with or without hard labor, or a fine of not more than ten thousand dollars, or both.[3] As such, Defendant's fifteen-year sentence was an upper range sentence but not the maximum possible sentence. Also, Defendant was spared a significant fine. The penalty for incest pursuant to La.R.S. 14:78(D)(1) was not more than fifteen years at hard labor. As such, Defendant's fifteen-year sentence was the maximum possible sentence.

At sentencing, the victim's mother, R.W., gave her victim impact statement. First, R.W. testified that her daughter's emotional scars would last a lifetime and that she was left with putting their lives back together as best she could. Additionally, R.W. stressed that both victims suffered additional pain and humiliation when they took the stand and recounted what had happened to them before people they did not know. She also expressed her disgust that Defendant used his children as objects of his sexual gratification, making the situation "beyond horrific." For these reasons, R.W. asked that Defendant receive the maximum penalty allowed by law.

Next, the State asserted that Defendant was the worst offender under the worst circumstances and indicated that the State had under-billed the case. Although

---

[3]Defendant incorrectly asserts in his brief that the sentencing range is five to ten years which is the sentencing range in La.R.S. 14:81.2(B).

Defendant was charged with one count of incest, the State indicated that the incest was repeated and ongoing for at least two years. As such, the State urged the trial court to consider that it could have charged Defendant with ten counts of incest but chose only the one count that resulted in the conception of a child. The State also asked that Defendant receive consecutive sentences because the case involved two different victims and two totally different crimes that occurred at different times. In rebuttal, defense counsel urged the trial court to consider that Defendant was a first-time offender.

The trial court then confirmed that Defendant was forty-six years old and had a ninth-grade education. Also, Defendant indicated that he was employed at the time of his arrest and had been married for thirteen years. The trial court then stated:

> I have looked at the aggravating -- I mean, the sentencing conditions under Article 894, the aggravating and the mitigating circumstances, and I find that there's an undo [sic] risk that during the period of a suspended sentence or probation that you will commit another crime. I find that you are in need of correctional treatment or [a] custodial environment that can be provided most effectively by your commitment to an institution, and I find that a lessor [sic] sentence would deprecate the seriousness of the defendant's charge.
>
> In reviewing the aggravating factors, I find that aggravating factor Number 2 is applicable. You knew or should have known that the victim of the offense was particularly vulnerable or incapable of resisting because of [her] youth and also that you used your position or status to facilitate the commission of the offense.
>
> You were the father of these children, and it is your responsibility to protect these children, and you failed in that, sir. I cannot think -- I've been doing this 13 years[,] and I have never seen a case like this, Mr. [M]. I -- I was appalled in pretrial, and then I was further appalled, uh, during the trial of this case. You did something that is, uh, unimaginable and unforgivable, sir, and you deserve a very harsh sentence.
>
> Obviously[,] on the incest you, uh, had a sexual relationship with your daughter that produced a -- that produced a child and the maximum for incest is 15 years, and I think that, uh, unfortunately[,] that's all I can

10

give you for that, sir. That's way too small a sentence for you to do what you did to your daughter and to produce a child.

As a general rule, maximum or near-maximum sentences are reserved for the most serious violations of the charged offense and the worst kind of offender. *State v. Quebedeaux*, 424 So.2d 1009 (La.1982); *see also State v. Massey*, 08-839 (La.App. 3 Cir. 12/10/08), 999 So.2d 343. In the instant case, we find Defendant's actions constitute serious violations of the charged offenses.

***Molestation of Juvenile***

With regard to molestation of a juvenile, we note that the maximum sentence was increased from fifteen years to twenty years in 2006. In *State v. Ferguson,* 44,009 (La.App. 2 Cir. 2/25/09), 4 So.3d 315, the thirty-one-year-old defendant was convicted of molesting his girlfriend's fifteen-year-old daughter. He received the maximum twenty-year sentence and a $10,000.00 fine. In addition to the victim impact statements submitted by the parents, the trial court considered defendant's presentence investigation report, noting that defendant was a first felony offender. The trial court found that it was significant that the victim was under defendant's authority and that he had used his position and status in the home to facilitate the commission of the crime. Further, the trial court stated that defendant knew or should have known that the victim was particularly vulnerable or incapable of resisting due to extreme youth, and it determined that the offense resulted in significant permanent injury and significant economic loss to the victim due to the difficulty and expense of recovering. In affirming the sentence and fine on appeal, the appellate court found that the trial court adequately articulated the reasons for the sentence imposed and observed that other charges involving sexual intercourse were dismissed.

In *State v. Works*, 39,430 (La.App. 2 Cir. 4/6/05), 899 So.2d 808, the

11

thirty-three-year-old defendant pled guilty as charged to one count of molestation of a juvenile, who was his seven-year-old second cousin, and was sentenced to ten years at hard labor. The defendant admitted to fondling the victim's private parts on multiple occasions when the child was in his care at his residence. The defendant was a first felony offender with no juvenile record but had misdemeanor convictions for theft, resisting arrest, interfering with an officer, and trespass. Considering the facts of the case, the trial court found that defendant was not acting out of youthful curiosity and found significant the fact that he had committed the offense on many occasions. The trial court also opined that the victim's age was an aggravating factor, as was her loss of innocence. In mitigation, the trial court considered defendant's confession and his cooperation with the authorities. Also, defendant was single, had no children, and there was no report of prior pedophilic behavior. Lastly, the trial court determined that a lesser sentence would deprecate the seriousness of defendant's conduct, which the court considered to be reprehensible.

In affirming the sentence on appeal, the court noted that the sentence was lawful, less than the maximum sentence allowed, and that no fine was imposed. Additionally, the State showed leniency by charging him with only one offense, although he admitted to committing the offense on many occasions. The court found aggravating the fact that defendant took advantage of his status as an "uncle" to sexually abuse an immature child who was entrusted to his care and safekeeping.

Considering the facts of the instant case, in light of the jurisprudence reviewed herein, we find that Defendant's fifteen-year sentence for molestation of a juvenile is not excessive, particularly considering Defendant's position of authority over the victim as her father to whom her care was entrusted in her mother's absence. The

12

trial court properly considered the victim's youth as an aggravating circumstance, in addition to the loss of her innocence as stated by her mother. Further, Defendant did not receive the maximum sentence, nor was he fined. Accordingly, we find that the trial court did not abuse its considerable discretion when it sentenced Defendant on this conviction. This assignment of error lacks merit.

***Incest***

In *State v. Evans*, 27,183 (La.App. 2 Cir. 9/27/95), 661 So.2d 600, defendant was charged with ten counts of incest involving his biological daughter. Pursuant to a plea agreement, he pled guilty to three of those counts, and the remaining seven were dismissed. He was then sentenced to three consecutive maximum sentences of fifteen years at hard labor. The victim alleged that when she was twelve to thirteen years old, defendant had sexual intercourse with her every four to six weeks during a one-year time period. A medical examination confirmed the victim had been sexually active, and the victim's sister said she saw the defendant having sex with her. Also, defendant confessed to having sex with the victim at least ten times during the alleged time.

The trial court found no mitigating factors and opined that defendant's offense was a very serious crime. Additionally, the trial court noted the benefit received from his plea bargain. Information contained in defendant's presentence investigation report indicated that defendant began improperly touching and performing other acts with the victim when she was ten years old. The trial court also found aggravating the fact that the offenses, both charged and uncharged, had occurred over a lengthy period of time. As such, the trial court concluded that defendant was the worst type of offender for whom the most severe penalty was reserved.

13

On appeal, the court found that the trial court properly considered the sentencing guidelines and adequately stated for the record the considerations taken into account and the factual basis for the sentences imposed. The court also observed that when given the opportunity to make a statement at sentencing, neither defendant, nor his counsel, mentioned the existence of mitigating factors. The court also reviewed the jurisprudence available at the time and noted the following cases:

> In *State v. White*, 552 So.2d 553 (La.App.2d Cir.1989), the defendant engaged in aggravated rape and aggravated crime against nature with his [eleven]-year-old niece over a [nineteen]-month period of time. This court found no abuse of discretion in imposing consecutive, maximum sentences. There, as here, the defendant's conduct threatened serious emotional harm to the victim; she was undergoing counseling; and the misconduct occurred over a lengthy period of time in which the defendant had time to reflect on his actions.

> In *State v. Racine*, 480 So.2d 945 (La.App.2d Cir.1985), the defendant pled guilty to three counts of incest with his [sixteen]-year-old daughter. This court affirmed three consecutive [twelve]-year sentences. The defendant there, as here, had no felony criminal history. The trial court noted that sexual crimes of this nature--between father and daughter--are the most despicable in our society. There too, the acts occurred over a period of time which was held to justify the imposition of consecutive sentences. The victim here was much younger than in *Racine*.

> And see *State v. Childs*, 466 So.2d 1363 (La.App. 3d Cir.1985), which held that the rape of one's underage daughter is among the most serious violations of the crime of forcible rape and, based solely on the nature of the offense, a maximum sentence can be imposed.

*Evans*, 661 So.2d at 602-03.

In *State v. Butters*, 527 So.2d 1023 (La.App. 1 Cir. 1988), defendant was convicted of incest with his eleven-year-old daughter and received the maximum sentence of fifteen years at hard labor. During a seven-month time period, defendant engaged in sexual intercourse, both vaginal and anal, with the victim, a child with learning disabilities who functioned at the fourth grade level while in the fifth grade.

14

The trial court noted that defendant had a prior felony theft conviction for which he received a suspended sentence and probation. However, defendant never reported for probation, and his probation eventually terminated unsatisfactorily. The defendant also had a misdemeanor conviction of soliciting for prostitution. Additionally, the trial court found aggravating the fact that defendant had not acted under provocation by the victim and that the victim had not induced or facilitated the commission of this offense. The trial court concluded that there was an undue risk that defendant would commit another crime of this nature, that he was in need of correctional treatment, and that any lesser sentence would deprecate the seriousness of the offense.

On appeal, the court noted that the victim was extremely upset because defendant's conduct resulted in the placement of her and her siblings in foster homes. The court also opined that the victim would suffer future emotional problems. Additionally, the court found that defendant was the worst type of offender based on the fact that defendant had a prior criminal record and had engaged in sexual activity with both the victim and another daughter.

In affirming the sentences, the court referred to this court's decision in *State v. Matthews*, 517 So.2d 1064 (La.App. 3 Cir. 1987), wherein defendant's maximum fifteen-year sentence was upheld. The defendant was convicted of incest involving his daughter, beginning when she was eight years old. The victim contracted gonorrhea, which was reported by her physician and prompted an investigation. When she was reexamined about three months later, the physician determined that she was being sexually abused based on his physical findings, including the sexually transmitted disease.

15

In upholding the sentence, this court noted that the trial court specifically addressed each mitigating factor listed in La.Code Crim.P. art. 894.1. Despite the fact that defendant was a first felony offender, the trial court found that the aggravating factors outweighed the mitigating factors and that a lesser sentence would deprecate the seriousness of the offense.

In the instant case, Defendant's daughter, C.C., testified at trial that she went to live with her father when she was twelve to thirteen years of age. At some point thereafter, she and Defendant began having sexual intercourse and did so on a number of occasions. When C.C. was first questioned by police about allegations of sexual activity made by her younger half sister, K.M., she was eight to nine months pregnant with Defendant's child. The DNA evidence submitted at trial supported C.C.'s testimony that Defendant was the father of her child.

When asked at trial how she felt about her father, C.C. stated that she loved her father to an extent, yet at the same time, she stated that she despised him. She had no interest in protecting him at that time but was scared that if he "got out," she would have to deal with the consequences. C.C. could not recall the number of times that she had sex with Defendant but estimated the number to be around five to ten times.

Considering the facts of the instant case, we find that the sentence imposed by the trial court on Defendant for incest is not excessive, particularly considering the fact that he used his position of authority over the victim, and his conduct resulted in the pregnancy and birth of a child. Moreover, his activity of sexual abuse extended over a period of time and occurred multiple times. Accordingly, we find that the trial court did not abuse its discretion when it sentenced Defendant as one of the worst offenders. This assignment of error lacks merit.

16

## DISPOSITION

Defendant's conviction for molestation of a juvenile is affirmed. Defendant's sentences for molestation of a juvenile and incest are likewise affirmed.

**AFFIRMED.**